WILLIAM G. WILLIS *v.* CLAUDE SCHLAGENHAUF.

(*October* 15, 1936.)

LAYTON, C. J., sitting.

*Tunnell* and *Tunnell* for plaintiff.

*Isaac D. Short, 2d,* for defendant.

Superior Court for Sussex County. Summons Case, No. 6, October Term, 1936.

LAYTON, C. J., charged the jury, in part, as follows:

This is an action brought by William G. Willis, the plaintiff, against Claude Schlagenhauf, the defendant, to recover damages for personal injuries and also property damages resulting from a collision of an automobile driven by the plaintiff with a truck and trailer of the defendant which was then being operated by the defendant's agent or servant in connection with the defendant's business.

The plaintiff contends that in the early evening of February 14, 1935, at about six, p. m., he was driving his

automobile, which was a Model A Ford, purchased by him in 1928, on the public highway leading from Farmington to Greenwood just south of Farmington; that it was then dark with a misting rain; that the lights on his automobile were lighted; that he was proceeding southward at a rate of speed of from fifteen to eighteen miles an hour; that he ran into the rear of a motor truck of the defendant which was standing on the paved portion of the highway without lights; and that as a result of the collision he suffered a broken leg, broken ribs, severe cuts about the face, that he was forced to lay out and expend seventy-one dollars for hospital expenses, one hundred and seven dollars for physicians' services, and was unable to pursue his employment as a crossing watchman for railroad for four and one-half months and thereby lost his wages or salary for that time, which wages or salary were $62.05 per month, and that his automobile which was worth to him $300 was totally demolished, the remains of which he sold for $25.

The defendant admits that his truck, headed south, was stopped on the paved portion of the highway. He contends the truck was stopped because of a flat tire on the right rear wheel; that the lights of the truck were lighted; that those lights consisted of headlights, clearance lights, and eight lights, including the tail light in the rear of the truck. His contention is, therefore, that he was guilty of no negligence whatever, as he has fully complied with the statute in all respects; and further he contends that the collision was caused by the plaintiff's own contributory negligence in not seeing the truck in time to have avoided the collision with it.

The plaintiff in his declaration has charged the defendant with negligence in that the defendant did not have upon his truck a red light at the rear thereof plainly visible under normal atmospheric conditions for a distance of 500 feet to the rear of the truck, and this is the sole question of

negligence on the part of the defendant which you are to consider.

It is admitted that the defendant was the owner of the truck, and that at the time, it was being operated by his agent and on his behalf, so that the defendant is responsible for injuries resulting from the negligence of his agent if, in fact, the agent's negligence caused the collision and the resulting injuries and damages.

The foundation of this action is negligence. The plaintiff cannot recover unless and until it is shown to you by a preponderance of the evidence that the defendant violated the duty imposed upon him by law and that such negligence, or violation of law, was the efficient or proximate cause of the injury and damage complained of.

Negligence is never presumed; it must be proved, and the burden of proving to the satisfaction of the jury that the collision and injuries were caused by the negligence, or omission of duty, of the defendant rests upon the plaintiff. The plaintiff cannot recover in this action based upon the defendant's negligence, unless it appears from the evidence that the injuries and damage complained of were caused by the defendant's violation of the law and that the plaintiff himself was free from contributory negligence proximately contributing thereto. If it shall appear to you that the plaintiff was not so free from contributory negligence, then he would be guilty himself of negligence contributing to the accident, and he cannot in such case recover, for if there were mutual and concurrent negligences, and the negligence of each party was a proximate cause of the injury and damage, your verdict must be for the defendant. This is for the reason that the law will not even attempt to measure or apportion the negligence attributable to each party. As it has been very well said,

"The law has no scales to determine whose contributing fault weighs the most."

The statute which the plaintiff alleges the defendant failed to observe is one of the several provisions of the law enacted for the protection of travellers on the highway, and the failure or omission to exhibit such light during the period from one-half hour after sunset to one-half hour before sunrise is negligence in and of itself or, as it is called, negligence *per se;* and the defendant will be responsible for such damage as may have been proved if, in fact, he failed to obey the law and that failure was the efficient or proximate cause of the collision and injuries.

To constitute actionable negligence there must not only be a causal connection between the negligence complained of and the injuries suffered, but also the connection must be in a natural, unbroken sequence without intervening efficient causes, so that the injury would not have occurred but for the negligence of the defendant. So when it is said that the negligence of the defendant must be shown to be the proximate cause of the injury and damage complained of, it is meant that that negligence must be such that brings about or produces, or helps to bring about or produce the injury and but for which the injury would not have occurred.

If, therefore, you shall find from the preponderance of the evidence that the defendant failed to display on the rear of his truck a red light as required by law, and further, that such failure was the efficient, producing, or proximate cause of the collision and resulting damage, your verdict should be for the plaintiff, unless it appears to your satisfaction that the plaintiff himself was guilty of contributory negligence, in which case he, as I have said, cannot recover.

For the sake of convenience the word "negli-

gence" is habitually used when the defendant is referred to, and the words "contributory negligence" are so used when referring to a plaintiff in an action; but negligence is negligence, no matter who commits it, and what would be negligence if committed by a defendant would likewise be negligence if committed by a plaintiff. So contributory negligence is no more than negligence on the part of a plaintiff which plays an efficient, contributing, or proximate part in producing the injury.

The defendant is held responsible in damages for his conduct which in given circumstances does not measure up to the standard of a reasonably prudent and careful person and which proximately causes an injury to another affected by it. So, likewise, the plaintiff may not hold the defendant responsible in damages if his own conduct does not measure up to the same standard, if that conduct produces or helps to produce the injury and damage, and but for which the injury would not have occurred.

Now, the defendant claims that he was guilty of no negligence whatever. He contends that the evidence plainly shows that not only was his tail light burning, but that other lights in the rear of his truck were burning also. If you are satisfied by a preponderance of the evidence that the defendant's truck at the time of the collision did display a red light at the rear visible from a distance of five hundred feet from the rear of the truck under normal atmospheric conditions, your verdict should be for the defendant, for in such case there would be no violation of the law and, therefore, no negligence on his part.

You should keep in mind that the statute uses the words "normal atmospheric conditions." This does not mean that the rear light must be visible from a distance of

five hundred feet from the rear under all conditions or under unusual or extraordinary conditions.

 The defendant contends also that the plaintiff was guilty of contributory negligence. Contributory negligence has been explained to you, and you have been instructed that the plaintiff cannot recover if he himself was guilty of such negligence, no matter how negligent the defendant may have been. The burden is on the defendant to prove contributory negligence of the plaintiff to your satisfaction, unless such contributory negligence appears from the plaintiff's own evidence.

In considering contributory negligence it is necessary for you to have in mind other provisions of the automobile code. *Section* 128-A of the *Code* (*Laws* 1929, c. 10, § 128 (a) provides that every vehicle upon a highway during the period from one-half hour after sunset to one-half hour before sunrise and at any other time when there is not sufficient light to render clearly discernible a person on the highway at a distance of two hundred feet shall be equipped with lighted front and rear lamps.

*Section* 130 of the *Code* (*Laws* 1929, c. 10, § 130) provides that the headlamps on motor vehicles shall be so constructed, arranged, and adjusted that they will under normal atmospheric conditions and on a level road produce a driving light sufficient to render clearly discernible a person two hundred feet ahead.

 The law, generally, also requires that the operators of motor vehicles shall keep a proper lookout for other vehicles and persons on the highway. The duty of looking implies a duty to see what is in plain sight unless some reasonable explanation is offered. It is negligence not to see what is clearly visible where there is nothing to obscure the vision of the driver, for the driver of a motor

vehicle on the public highway is not only required to look, but he must look in such careful manner as will enable him to see the things which a person in the exercise of ordinary care and caution would see under like circumstances.

In *Taylor v. Du Pont Corporation,* 6 *Boyce* 277, 99 *A.* 284, 285, it was said at the trial of the case in speaking of a plaintiff seeking to recover damages: "It cannot be urged for him that he did not know those things which by a reasonable use of his senses he should have known." The Supreme Court of this state in the same case said: "And being able to see, it is unreasonable to suppose he did not see. The duty was on him to see if he was in a position to see."

If, therefore, you shall be satisfied that the defendant was negligent in not displaying lights as required by law, then you should proceed to examine and consider the acts and conduct of the plaintiff in the light of the circumstances then existing to determine whether he, the plaintiff, was guilty of contributory negligence.

Keeping in mind the nature and character of the headlights which the law required the plaintiff to have on his car and his duty to keep a lookout and see what an ordinarily prudent and careful person would have seen under the circumstances and conditions then prevailing, if you shall be satisfied from the evidence that an ordinarily prudent and careful person, using ordinary care and caution, in the circumstances and conditions then prevailing, would have seen the truck in time to stop his car, or otherwise to avoid collison with it, then the plaintiff would have been guilty of contributory negligence proximately entering into and producing the collision and resulting damage, and the verdict should be for the defendant.

The case, after all, gentlemen, lies within a narrow

compass. It is suggested to you for your guidance—and this is only a suggestion—that you first examine the conduct of the defendant. If you shall be satisfied that he was not negligent—that is, that he displayed on his truck a red light in the rear as required by law, that is an end of the matter, and your verdict should be for the defendant, for the plaintiff in those circumstances has failed to establish negligence on the part of the defendant.

If you shall find that the defendant was negligent, that is, that he did not display the red light to the rear of his truck as required by law, then you should examine the plaintiff's conduct, and if you find that he was contributorily negligent, that is also an end of the matter, and your verdict should be for the defendant, for, as I have already said, the law will not even try to measure or apportion the negligence of the parties.

If, however, you shall be satisfied from the evidence that the defendant was negligent and that his negligence was the proximate cause of the collison and damage, and that the plaintiff was not contributorily negligent, then your verdict should be for the plaintiff.