LESLIE W. WINTER V. THE PENNSYLVANIA RAILROAD COMPANY, a Corporation of the Commonwealth of Pennsylvania.

(*September* 1, 1948.)

PEARSON, J., sitting.

*James R. Morford* (of the firm of Marvel and Morford) for plaintiff.

*William S. Potter* and *Henry Van Der Goes* (of the firm of Southerland, Berl and Potter) for defendant.

PEARSON, Judge.

Defendant's motion to dismiss is based on the ground that the complaint does not comply with the requirement of Rule 9(b) that "In all averments of * * * negligence, the circumstances constituting * * * negligence shall be stated with particularity." The motion to strike is on the ground that certain averments are redundant, immaterial and impertinent.

It appears from the amended complaint that plaintiff was a passenger on one of defendant's trains. The conductor informed plaintiff that he would have the train stopped at defendant's yards to let plaintiff off and invited plaintiff to follow him forward. The conductor went forward and after an interval, plaintiff followed. It is then alleged:

"4. While proceeding to the forward part of the train, defendant's conductor opened the door in the forward part of the coach in which the plaintiff was riding and left the same open for the plaintiff to pass through; said door apparently being secured or fastened by a device or fitting provided by defendant for the purpose of holding the door

open and to prevent it from slamming shut from the movement of the train in stopping or starting.

"5. Plaintiff saw defendant's conductor open said coach door and believed that the same had been securely fastened in an open position. While plaintiff was in the act of passing through said open door, defendant's conductor gave to the operator of defendant's train a signal for an emergency stop. Thereupon said train came to a sudden, unusual and violent stop, which sudden, unusual and violent stop was not expected or foreseen by the plaintiff, could not have been expected or foreseen by him, in the exercise of due care on his part, and was wholly unnecessary in a proper stopping of defendant's train at defendant's yard to permit plaintiff to get off.

"6. The sudden, unusual, violent, unforeseen and unnecessary manner of the stopping of defendant's train, as above stated, threw the plaintiff off balance and caused him to place his left hand upon the frame of the coach doorway to avoid falling. At the same time, the suddenness and violence of the stopping caused said open coach door to become unfastened from an open position and to slam shut with great, unexpected and wholly unnecessary force and violence upon plaintiff's left hand.

"7. Defendant was negligent (a) in causing its said train to be brought to an unnecessarily sudden, unusual and violent stop, not reasonably foreseeable by plaintiff in the exercise of due care on his part, and (b) in failing securely to fasten said coach door in an open position so that the same would not slam shut upon the occurring of such unnecessarily sudden, unusual and violent stopping of its train, when neither the insecure fastening of the door as aforesaid, nor the sudden unusual and violent stopping of the train as aforesaid, was, respectively, known to or reason-

ably foreseeable by plaintiff while in the exercise of due care on his part."

Defendant says that "there are no sufficient allegations of fact to show that the stop of defendant's train mentioned in paragraphs 5, 6 and 7 * * * was unnecessary, unusual, violent and unforeseen." Defendant argues that "The manner of stopping the train is characterized as unusual, violent, unnecessary and unexpected," but that "nothing appears specifically or even inferentially to show in what way the stop of the train was unusual or violent or unnecessary or unexpected." Defendant insists that "Epithetical language will not enlarge the allegations" of the complaint; and that plaintiff's allegations are of inferences, citing *Gallegher v. Davis and Law*, 7 *W. W. Harr.* 380, 183 *A.* 620; *Raisler Sprinkler Co. v. Automatic Sprinkler Co.*, 6 *W. W. Harr.* 57, 171 *A.* 214; *O'Neil v. E. I. DuPont de Nemours & Co.*, 12 *Del. Ch.* 76, 106 *A.* 50; and *Perry v. Missouri-Kansas Pipe Line Co.*, 22 *Del. Ch.* 33, 191 *A.* 823, among others.

▪ Defendant correctly calls the indicated words "epithetical," and "adjectives", and expressions of "inferences". Still the language would seem adequate under the authority of *Cannon v. Delaware Electric Power Co.*, 2 *Terry* 415, 24 *A.* 2d 325. Here, the question is whether the allegations meet the requirements of Rule 9(b) to state with particularity the circumstances constituting negligence. Even assuming that under the cases cited by defendant the averments would be defective, the Rules, which were adopted after those cases were decided, would, nevertheless, govern. In the form for a complaint in a negligence action, Form 9 of the Appendix to the Rules, we find as an illustration of a recommended averment of negligence the statement "Defendant drove at an excessive speed." This is subject to the same criticisms which defendant directs at the language of the present complaint. But the recommend-

ed form is surely to be deemed within the requirement of Rule 9. That form being sufficient, the similarity between it and the questioned language of the present complaint compels a holding that the latter is likewise sufficient.

■ Defendant further contends that plaintiff failed to comply with Rule 9(b) in alleging in paragraph 5 of the complaint that plaintiff "saw defendant's conductor open said coach door and believed that the same had been securely fastened in an open position." Defendant says that plaintiff does not give the facts on which his belief was based. The purpose of the allegations is to aver due care on plaintiff's part. The allegations of paragraph 4, "said door apparently being secured or fastened by a device or fitting provided by defendant" etc., are sufficient to indicate the basis of plaintiff's belief. The objection of defendant is without merit. The motion to dismiss should be denied.

■ Lastly, defendant moves to strike clause "(b)" in paragraph 7 of the complaint (quoted above.) In that paragraph, plaintiff purports to specify the respects in which defendant was negligent. In clause (a), he specifies the unnecessarily sudden, unusual and violent stopping of the train. In clause (b), he specifies the failure securely to fasten the door to prevent slamming upon such stopping of the train. As I understand clause (b), it means that the duty to fasten arose only because of the unnecessarily violent stopping. But such stopping constitutes negligence; and under the facts alleged, there appears no justification for charging, as separate negligence, a failure to take measures in advance to avoid injury which followed as a consequence of the negligent stopping. Clause (b) should, therefore, be stricken.

An order in accordance with this opinion will be entered.