WARREN H. SIMONDS v. EDWARD PURNELL MILES.

(*September* 23, 1948.)

LAYTON, J., sitting.

*Abraham Hoffman* for Plaintiff.

*William H. Bennethum* for Defendant.

Superior Court for New Castle County, Civil Action 605.

LAYTON, J.

■■ Prior to the adoption of the new Rules of this Court proper pleading required that the complaint set forth with particularity not only the statutory violation giving rise to the negligence complained of, but also the causal connection between the violation of the statute and the resulting injury. *Beacon v. Fraim*, 6 *W.W.Harr.* 154, 172 *A.* 447. Rule 9 (b) of the present Rules still requires that the negligent act or acts upon which the action is predicated be pleaded with particularity. However, it is no longer necessary to allege a causal connection between a statutory violation and

the resulting injury.   See Form 9 appended to the Rules of the Superior Court.   In *Winter v. Pennsylvania R. Co.*, 5 Terry 429, 61 *A.* 2*d* 398, 399, Judge Pearson had occasion to say:

"Even assuming that under the cases cited by defendant the averments would be defective, the Rules, which were adopted after those cases were decided, would, nevertheless, govern.   In the form for a complaint in a negligence action, Form 9 of the Appendix to the Rules, we find as an illustration of a recommended averment of negligence the statement 'Defendant drove at an excessive speed.'   This is subject to the same criticisms which defendant directs at the language of the present complaint.   But the recommended form is surely to be deemed within the requirement of Rule 9.   That form being sufficient, the similarity between it and the questioned language of the present complaint compels a holding that the latter is likewise sufficient."

It is to be noticed that Form 9 sets forth at least one statutory violation of the Motor Vehicle Laws, namely, proceeding through a red stop light.   Yet no causal connection between the statutory violation and the injury is alleged.

It follows, therefore, that the motion to dismiss must be denied.