BRUNO J. LASKOWSKI, Plaintiff, v. ATOMIC CLEANERS & DYERS, INC., a Delaware corporation, and VIRGINIA A. VINES and THOMAS WILLIAM INGRAM, Defendants and Third Party Plaintiffs, v. KENNETH EARL ALLEN, Third Party Defendant.

*(March* 20, 1952.)

HERRMANN, J., sitting.

*H. Albert Young* and *Clement C. Wood* (of Young and Wood) for plaintiff.

*William Prickett* for defendants and third party plaintiffs.

Superior Court for New Castle County, No. 178, Civil Action, 1951.

HERRMANN, J.:

The plaintiff alleged in his complaint that he was injured and that his automobile was damaged as the result of the negligence of the defendants. It is alleged that the defendants' truck,

while being operated in a westerly direction on the highway, immediately behind another vehicle proceeding in the same direction, "ran into * * * the plaintiff and collided with the automobile of the plaintiff which was stationary on the portion of said highway reserved for motor vehicular traffic going in an easterly direction, the said automobile of the plaintiff facing east and beside which the plaintiff was * * * standing on said portion of said highway * * *." After alleging several acts of negligence on the part of the defendants, the plaintiff made the following averment in his complaint:

> "They had the last clear chance to avoid striking the plaintiff and the automobile beside which he was standing on the southerly portion of the highway reserved for motor vehicular traffic going in an easterly direction."

The defendants moved to strike the allegation of last clear chance on the ground that the plaintiff failed to allege sufficient facts to meet the requirement of Superior Court Rule 9(b) which provides that, in alleging negligence, the circumstances constituting negligence "shall be stated with particularity."

■■ The plaintiff has adopted the averment of last clear chance as it appears in Form 9, the model complaint for negligence which is contained in the *Appendix to the Superior Court Rules*. The form requires no more than the allegation of the conclusion of law that the defendant had the last clear chance to avoid the accident. It is indeed difficult to reconcile the form averment with the requirement of *Rule* 9(b). Nevertheless, this form was included in the *Appendix of Forms* which was officially published with the *Superior Court Rules* after they were adopted and promulgated by the Chief Justice and Associate Judges of Delaware. The approval implicit in the official publication may not be repudiated by this Court. Until changed by appropriate action, the "official" form must be considered sufficient under the Rules. Compare, *Rule* 84, *Federal Rules of Civil Procedure*, 28 *U. S. C. A.* See *Winter v. Pennsylvania R. Co.*, 5 *Terry* 429, 61 *A.* 2d 398; *Simonds v. Miles*, 5 *Terry* 465, 61 *A.* 2d 614.

I am constrained to hold, therefore, that since the plaintiff's averment of last clear chance conforms to Form 9, it may not be stricken for failure to comply with *Rule* 9(b). Accordingly, the motion to strike will be denied.

 The plaintiff's brief, filed in opposition to the motion to strike, contained the following statement:

"The complaint specifically alleges that the plaintiff was standing on the travel portion of the highway beside an automobile parked on the highway. Contributory negligence can, therefore, be imputed to the plaintiff for the purpose of pleading under attack."

The defendants thereupon filed a request for admissions under *Rule* 36[1], requesting the plaintiff to admit the following:

"1. That the plaintiff was guilty of contributory negligence in standing on the travel portion of the highway beside his automobile parked on the highway, as alleged in the complaint.

"2. That the facts stated in Paragraph 1 above, are all the facts which entitled the plaintiff to rely on the last clear chance for recovery herein."

The defendants contend that the plaintiff should be obliged to answer this request so that the defendants may have a particularization of the allegation of last clear chance set forth in the complaint.

The device created by *Rule* 36 should be used to obtain admissions as to which there is no real dispute and which the "adverse party can admit cleanly, without qualifications". 4 *Moore's Fed. Pract., p.* 2711. Disregarding the technical question of whether the request is calling for the admissions of conclusions of law, opinions or facts, it is clear that the type

---

[1]*Superior Court Rule* 36 substantially the same as Rule 36 of the *Federal Rules of Civil Procedure.*

of admissions sought by the defendants does not fall within the recognized scope of *Rule 36.*

The admissions requested by the defendants would not provide the particulars of the plaintiff's averment of last clear chance. Actually, the defendants are requesting the plaintiff to admit that the doctrine is not applicable. Where there is contributory negligence on the part of the plaintiff there is no room for the application of the doctrine in his favor because contributory negligence is negligence which was a proximate cause of the harm, and the determination of proximate cause is the only purpose for the application of the doctrine. *Willis v. Schlagenhauf,* 8 *W. W. Harr.* 96, 188 *A.* 700; *Island Express, Inc. v. Frederick,* 5 *W. W. Harr.* 569, 171 *A.* 181; *Leedom v. Pennsylvania R. Co.,* 3 *Terry* 186, 29 *A.* 2d 171.

An admission of 'contributory negligence, as requested by the defendants, would put the plaintiff out of court. Notwithstanding the obviously inadvertent use of the term "contributory negligence" in the plaintiff's brief, it is manifest that the admissions requested are not the kind of admissions as to which there will be no "real dispute" and which the plaintiff can admit "cleanly, without qualifications".

By proper interrogatories, the defendants may require the plaintiff to furnish all the particulars to which they may be entitled regarding the antecedent negligence which, as a remote cause or mere condition of the accident, is implicit in the averment of last clear chance. *Pfeifer v. Johnson Motor Lines, Inc.,* 8 *Terry* 191, 89 *A.* 2d 154.

Accordingly, the objection to the request for admissions will be sustained.