MARGARET M. MACKEY and JOHN T. MACKEY, her husband, Plaintiffs, v. OWEN E. O'NEAL and CHARLES SIMPSON, Defendants.

(*December* 9, 1952.)

HERRMANN, J., sitting.

*Clement C. Wood* (of Young and Wood) for plaintiffs.

*William H. Bennethum* (of Morford, Bennethum, Marvel and Cooch) for defendants.

Superior Court for New Castle County, No. 855, Civil Action, 1952.

HERRMANN, J.:

The defendants have moved to dismiss the complaint. Their motion was filed pursuant to Rule 12(b) (6)[1] and is as follows:

"Defendants, by William H. Bennethum, their attorney, hereby move to dismiss the complaint heretofore filed in the above captioned cause for failure to state a claim upon which relief may be granted."

The plaintiffs have moved to strike the defendants' motion upon the ground that it does not comply with Rule 7(b) (1) which requires that a motion "shall state with particularity the grounds therefor".

The defendants' motion must be held to be sufficient because it is substantially the same as Form 19 in the Appendix to the Superior Court Rules. It is settled now that the forms in the Appendix to the Rules will be considered by this Court to be sufficient under the Rules. See *Winter v. Pennsylvania R. Co.*, 5 *Terry* 429, 61 *A.* 2d 398; *Simonds v. Miles*, 5 *Terry* 465, 61 *A.* 2d 614, *Laskowski v. Atomic Cleaners & Dyers, Inc.*, 8 *Terry* 198, 89 *A.* 2d 157;*Pfeifer v. Johnson Motor Lines, Inc.*, 8 *Terry* 191, 89 *A.* 2d 154. Compare 2 *Moore's Fed. Pract.* (2d Ed.) p. 1512, fn. 5; 4 *Moore's Fed. Pract.* "*Forms*", p. 166; *Sapero v. Shackelford, D. C. W. Dist. Va.* 1944, ——*F. Supp.* ——.

Accordingly, it is held that the defendants' motion to dismiss is technically sufficient and may not be striken or denied for lack of particularization as to the grounds of the motion.

---

[1]Superior Court Rule 12(b), like Rule 12(b) of the *Federal Rules of Civil Procedure*, 28 *U. S. C. A.*, provides that "* * * the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted * * *."

Nevertheless, I think that, in its discretion and upon proper application, the Court may require a defendant to furnish promptly a statement of the contentions upon which a motion of this kind is founded so that the plaintiff may either amend his complaint or prepare for argument at the earliest practicable time. Rule 1 requires that the Rules "shall be construed to secure the just, speedy and inexpensive determination of every proceeding". The spirit of that Rule is violated, it seems to me, when a plaintiff is obliged to remain "in the dark", as to asserted fatal deficiencies of his complaint, until the matter has been calendared for argument, a brief schedule has been arranged and the defendant's brief has been filed.

Often, and particularly in automobile negligence cases, knowledge of the asserted deficiency may lead to amendment of the complaint without further ado, thus eliminating the necessity of a brief and the resultant loss of time. The motion to dismiss under Rule 12(b) (6), when stated generally, is comparable to the discarded general demurrer. 2 *Moore's Fed. Pract.*, (2d Ed.) p. 1512; Superior Court Rule 7(c). The general demurrer was frequently regarded with disfavor because it afforded to a dilatory defendant the means whereby he might conceal a frivolous motion under a cloak of temporary respectability and thus obtain undue delay.

When a zealous plaintiff wishes to learn promptly the bases of a Rule 12(b) (6) motion to dismiss his complaint and when he cannot otherwise obtain such information from the defendant, I think that he should have the aid of the Court in procuring it without delay. Thus will be eliminated one of the last vestiges of compulsory guesswork in modern pleading.

The plaintiffs may submit an Order requiring a statement of the defendants' contentions within five days.