Rosario Fusco, a minor, by his next friend, Francesco Fusco, Plaintiff, v. Augustine J. Dauphin, III, and Augustine J. Dauphin, Jr., Defendants.

500

(*September* 25, 1950.)

LAYTON, J., sitting.

*James P. Collins* for Plaintiff.

*William Prickett* for Defendants.

Superior Court for New Castle County, No. 571, Civil action, 1950.

Plaintiff was riding as a passenger on the rear seat of a motor cycle driven by one Farone who was involved in a collision with defendant, Dauphin, in which collision plaintiff was injured. Plaintiff sued defendant who has filed a request to compel plaintiff to admit certain facts under Rule 36, identical with Federal Rules of Civil Procedure, rule 36, 28 U.S.C.A. The requested admissions were of the following facts:

(1) That John Farone (the operator of the motor cycle) was 15 years of age on Aug. 5, 1949.

(2) That said John Farone was not licensed to drive a motor cycle.

Plaintiff filed a sworn answer setting forth that he could not truthfully admit the matters of fact requested because they were not within his personal knowledge. Defendant has moved to compel the admission of the facts so requested because they could be ascertained by plaintiff by reasonable inquiry.

LAYTON, J.:

Moore's Federal Practice, Vol. 4, p. 2712 takes the view that a party on whom a request for admissions of fact has been made "* * * must answer, even though he has no personal knowledge, if the means of information are reasonably within his power." A slight majority of the reported decisions support this conclusion, but a number of authorities have arrived at an opposite result. After some thought I have concluded that I am unable to agree with the majority view. My reasons are these:

First, our own Federal District Court has held that a party is not required to admit facts not within his personal knowledge. Booth Fisheries Corp. v. General Foods Corp., D.C., 27 F.Supp. 268. While not actually binding upon me, this decision is entitled to the utmost respect.

Secondly, the facts here sought to be elicited are matters of public record and could be obtained by defendant just as easily as by plaintiff.

Thirdly, I do not think that even the most liberal interpretation of the Rule requires that a party should be required to take the time and trouble to ascertain facts from some other person in order to assist the adverse party in proving his own case, particularly when the facts can be ascertained, though not as easily, by resort to other methods of discovery.

Fourthly, if the so-called majority rule is adopted, it would result in numerous applications to the Court to determine whether or not, in a given case, a party could or could not reasonably ascertain the truth of the facts sought. Why should the time of both

attorneys as well as the Court be taken up where the discovery rules provide other means for eliciting the information requested?

▅▅▅▅ And most importantly, as a general proposition, I do not believe that a party should be compelled to admit the truth of facts not within his personal knowledge for the result would be that he would be forced to rely upon, and be absolutely bound by, an admission based upon facts obtained from some other person who might have no interest in the result of the case. Thus, he might be bound to his prejudice by a careless or erroneous reply from the party who has the actual knowledge of the facts sought. On the other hand, he would not be bound by such an erroneous statement made upon a formal deposition but would be free to controvert it by cross examination or by the introduction of other evidence.

Such are the reasons which compel me to disagree with the majority of the cases and deny defendant's motion to compel the admissions sought.