**ALAMO THEATRE COMPANY,**
Inc., et al.

v.

**LOEW'S Incorporated et al.**

No. 56 C 156.

United States District Court
N. D. Illinois, E. D.
Jan. 28, 1958.

McDermott, Will & Emery, Chicago, Ill., for plaintiff.

Samuel W. Block and Wesley G. Hall (of Johnston, Thompson, Raymond, Mayer & Jenner), Chicago, Ill., for American Broadcasting-Paramount Theatres, Inc., Balaban & Katz and Paramount Film Distributing Corp.

Francis E. Matthews, Robert W. Bergstrom, Chicago, Ill., and John F. Caskey, New York City, for 20th Century Fox Film Corp.

Thomas A. Reynolds (of Winston, Strawn, Smith & Patterson), Chicago, Ill., and Roy W. McDonald (of Donovan, Leisure, Newton & Irvine), New York City, for Buena Vista Film Distribution Co., Inc.

Miles G. Seeley and Bryson P. Burnham (of Mayer, Friedlich, Spiess, Tierney, Brown & Platt), Chicago, Ill., for Universal Film Exchanges, Inc., United Artists Corp., Warner Bros. Pictures Distributing Corp., RKO Teleradio Pictures, Inc., Columbia Pictures Corp. and Loew's Inc.

LA BUY, District Judge.

Subsequent to filing objections to plaintiff's interrogatories, defendants have moved to strike portions of paragraph 12 of the plaintiff's complaint.

Since said motion relates to allegations of plaintiff's complaint in support of which the plaintiff has directed interrogatories to defendant, it is expeditious to consider first the merits of defendants' motion.

Paragraph 12 of the complaint is as follows (the italicized portion is that to which the defendants' motion is directed):

"That defendants have divided the greater Chicago area into a number of theatre zones or areas *arbitrarily grouping or classifying theatres in such zones in a manner to prevent independent theatres from competing with B & K Theatres for motion picture film; that pictures are licensed by zones to the highest bidder in each particular zone and that to secure film for exhibition at a desired availability or playing date all independent theatre exhibitions are required to bid against B & K Theatres that are not in substantial competition with said independent exhibitors.*"

It is contended that said allegations are sham pleading and are false as a matter of law for the reason that plaintiff has admitted that it is without knowledge as to its truth and falsity and could not answer that it had facts to support said allegations.

Such admission, it is urged, consists in plaintiff's answer to defendants' interrogatories requesting plaintiff to identify for the period 1954 to date those instances where an independent theatre exhibitor identifying the same by name, was required to bid against one or more B & K theatres, identifying those by name, that are not in substantial competition with such independent theatres, and the name of the defendant distributor requiring the independent theatre to so bid. The plaintiff filed its answer thereto as follows:

"Plaintiff has no knowledge or information of the operations of other independent theatres and therefore is unable to answer said interrogatory except as to its own theatre; that so far as its theatre is concerned plaintiff is required, as alleged, by all of the named defendant distributing companies to bid against B & K's Marbro and Paradise theatres with which it is not in substantial competition."

In addition to all other objections of the defendants to plaintiff's interrogatories, it is contended these interrogatories utilize the discovery process for determining whether plaintiff has a cause of action based on the general charge of defendants' acts in zoning of theatres and competition among theatres throughout the Chicago area and plaintiff's use of the discovery procedure is not for the purpose of aiding an existing cause of action; that the defendants do not object to those allegations which pertain to the plaintiff's theatre and those defendant theatres placed within the same zone, or to any discovery which would relate to defendants' theatres located within the same geographical perimeter, but the allegations with respect to the greater Chicago area are without basis and are in the nature of a fishing expedition for a cause of action to charge a conspiracy of which plaintiff admits it has no knowledge or information; and, in any event, such allegations cannot be the basis of plaintiff's recovery without proof of special damage.

This court had earlier overruled the defendants' motion to dismiss the complaint in effect holding, 143 F.Supp. 419, that it alleged a claim against these defendants. See Kohler v. Jacobs, 5 Cir., 1943, 138 F.2d 440; C. F. Simonin's Sons v. American Can Co., D.C.Pa.1939, 30 F.Supp. 901. This ruling was made on the basis that plaintiff's complaint showed that while the local conspiracy was the activity which proximately caused the damage, the local activity was only a specific exertion of a larger activity and conspiracy which gave the force and power to injure. That larger

activity is part of the plaintiff's case and proof of its existence, nature and method of development would be essential to support such allegations.

██ Should the plaintiff's "admission" that it is without knowledge or information of evidentiary facts to support its allegation that defendants have arbitrarily divided the greater Chicago area into a number of theatre zones to prevent independent theatres from competing with B & K pictures be held to mean that these allegations were carelessly made without any basis in fact? The effect of answers to interrogatories is explained by Professor Moore, Moore's Fed.Prac., Volume 4, ¶ 33.29 [2], page 2344, as follows:

"Answers to interrogatories are not pleadings and under ordinary circumstances they do not have the effect of limiting the party's proof in the way pleadings do. It would not be accurate, however, to attempt to lay down any strict rule that answers to interrogatories cannot limit proof. We have seen that interrogatories do serve as adjuncts to the pleadings in limiting the issues and defining the contentions of the parties, and to this extent answers should have a limiting effect on the scope of proof at the trial just as if the matters involved were stated in the pleadings or in a pretrial order."

Further, at page 2330, ¶ 33.26, it is stated that answers to interrogatories must be complete, explicit and responsive and

"* * * 'Any evasive answers by either party would probably justify the court in viewing with suspicion the contentions of the party so answering.' Citing."

██ Thus, although answers to interrogatories are not a part of the pleadings, yet they are evidence in the record and can be considered by the court under the Federal rules. Their purpose is twofold: (1) to procure evidence or secure information as to where pertinent evidence exists and can be obtained, and (2) to narrow the issues. The court is of the opinion that plaintiff, if it expects to present to the court sufficient facts to make out the general conspiracy alleged, must have such facts now in its possession. Furthermore, under the federal rules the method of pleading has been so simplified that there are few situations wherein a litigant, who has a meritorious cause of action, would not be in possession of sufficient facts upon which to form a complaint. The function of discovery is to isolate and narrow the issues and this purpose would be frustrated if the court, in the present instance, upon admission of the plaintiff of no knowledge or information of specific facts of the greater Chicago area conspiracy, would allow a fishing expedition for facts to support the ultimate fact allegations of its complaint.

██ While the court is aware that the answers to interrogatories are not conclusive evidence, and that allegations in treble damage actions for violation of the antitrust laws should be liberally construed, the non-existence of knowledge or information in the plaintiff's possession to support its stated cause of action should not be used to subject a defendant to the complete burden of supplying those specific facts necessary to the preparation of the plaintiff's case. The power to grant discovery should be exercised within reasonable limits and a prime essential to the allowance of discovery is that it be in aid of a known case.

██ The court is of the opinion that the defendants' motion to strike the certain portion of paragraph 12 of plaintiff's complaint should be sustained. An order in accord therewith has this day been entered.

██ In view of this ruling, the interrogatories of plaintiff seeking facts which it admits it does not possess, did not possess at the time of the filing of the

complaint, and cannot now supply, must be limited to those instances where they bear upon plaintiff's cause of action for its injury from the limited conspiracy of defendants within the area where plaintiff's theatre is located.