ROBERT L. SMITH and MARIE SMITH, Plaintiffs, v. DANVIR CORPORATION, a corporation of the State of Delaware, Defendant and Third Party Plaintiff, v. STEPHEN J. WHITE, Thirty Party Defendant.

*(February* 4, 1963.)

LYNCH, J., sitting.

*Harvey B. Rubenstein* (of Leshem and Rubenstein) for Plaintiffs.

*Herbert L. Cobin* (of Coxe, Booker, Walls and Cobin) for Defendants.

Superior Court for New Castle County, No. 655, Civil Action, 1962.

LYNCH, J.:

A collision occurred between two motor vehicles at the intersection of Franklin Street and Lancaster Avenue in Wilmington on October 2, 1961, at about 9:00 A.M. One of these vehicle was operated by Stephen J. White and the plaintiffs Robert L. Smith and Marie Smith were passengers therein. The other motor vehicle was a truck owned by defendant Danvir Corporation and driven by one of its employees.

Defendant Danvir Corporation in its Answer to the

Complaint denied plaintiffs' allegation of negligence and asserted a First Affirmative Defense reading as follows:

"At the time and place alleged in the Complaint, the collision was caused solely by the negligence of the operator of the vehicle in which plaintiffs were passengers, namely, Stephen J. White, and the said Stephen J. White and plaintiffs were engaged upon a joint venture or the said Stephen J. White was the agent of plaintiffs and in either event the negligence of Stephen J. White is imputable to plaintiffs."

The defendant also filed a Third Party Complaint for contribution against Stephen J. White alleging his negligence.

Plaintiffs, in response to this defense, served interrogatories on defendant directed to the allegations of White's negligence and to the defense of joint venture or agency. These interrogatories were not answered until almost two months later, although the Rules require interrogatories to be answered within 15 days, and then only in response to a motion filed by plaintiff seeking to compel the defendant to answer. Plaintiff now contends these answers are inadequate and incomplete in many respects and plaintiffs filed a motion to compel further answer. Specifically plaintiffs point to plaintiffs' Interrogatories 18, 20, and 22(c) and the accompanying answers made by defendant:

"18. State with particularity every fact upon which defendant relies in alleging joint venture in paragraph 8 of the Answer.

"A. With respect to the allegation of joint venture or agency in paragraph 8 of Danvir's answer to the complaint, Danvir relies upon the testimony of Stephen John White taken in said proceedings on November 3, 1962, and the testimony of plaintiffs taken on December 1, 1962.

"20. State with particularity every fact upon which de-

fendant relies in alleging agency in paragraph 8 of the Answer.

"*A.* See answer to No. 18.

"22. With respect to the allegation of joint venture and/or agency in paragraph 8 of the Answer, state with particularity * * *

"(c) how each of the plaintiffs and Stephen J. White possessed the right of control and management of the vehicle if any.

"*A.* (c) The acts concerning this aspect were set forth in the testimony of plaintiffs and White above referred to and the inferences to be drawn therefrom."

Plaintiffs argue that defendant must fully answer an interrogatory and not refer generally to a deposition or depositions and leave it to plaintiffs to comprehend therefrom the meaning defendant intended to take from the depositions.

Rule 33 specifically states that:

"* * * interrogatories shall be answered separately and fully in writing under oath. * * *."

Answers to interrogatories are considered in Vol. 2A, Wright Ed., Barron and Holtzoff, *Federal Practice and Procedure,* at Section 777, and the statement made at page 380 "that interrogatories should be answered directly and without evasion in accordance with information which the answering party possesses after due inquiry. * * *." It has been ruled that an interrogatory should be answered directly, responsively and affirmatively. *Robinson v. Jordan,* 27 F. R. D. 493 (D. C. Mass. 1961). In Vol. 4, *Moore's Federal Practice,* ¶33.26, the author cites many cases, which on examination support the statement that "answers to interrogatories must be complete, explicit and responsive".

The guiding principles of discovery generally and of interrogatories in particular, are to be found in *Pfeifer v. Johnson Motor Lines, Inc.,* 8 Terry 191, 89 A. 2d 154 (Super. Ct., Del. 1952). It was there ruled (8 Terry at p. 195, 89 A. 2d at p. 155) that the interrogatory device serves two main purposes: (1) to narrow and clarify the basic issues between the parties; and (2) to permit the ascertainment of the facts relative to those issues. These two purposes are equally important, observed the Court, in order for a party to obtain the fullest possible knowledge of the issues and facts before trial. If, therefore, the answer to an interrogatory may narrow and clarify the issues made by the pleadings without imposing undue burden or prejudice upon the interrogated party, the interrogatory should be answered, and in accordance with the full intent of the Rule.

Defendant seeks to justify its answers to plaintiffs' interrogatories by arguing "Danvir could have objected" to the interrogatories "upon the ground that it is improper to ask another party to 'state with particularity every fact * * *'. This [defendant contends] in effect would require a detailed itemization of every fact which would go to establish the issue of joint venture and agency. * * *."

The answer to defendant's argument is that it did not object; if objections had been filed it would seem that *Costello v. Cording,* 8 Terry 412, 91 A. 2d 549 (Super. Ct. 1952), would have been authority tending to support form and scope of the interrogatories, and the case is here before the Court because defendant chose to answer plaintiffs' interrogatories by making references to certain depositions instead of answering the interrogatories "separately and fully" as the Rule requires.

Defendant cites no cases or authorities which approve of its method of making answers to interrogatories. Such cases as were cited by plaintiffs show, on the other hand, that

other Courts have disapproved of defendant's method of answering the interrogatories embraced within plaintiffs' motion. See *Hyster Co. v. Industrial Power Equipment Co.*, 9 F. R. D. 685 (D. Ct. W. D. Mo. W. D. 1950); *Grimmett v. Atchison, T. & S. F. Ry. Co.*, 11 F. R. D. 335; and *Nagler v. Admiral Corporation*, 167 F. Supp. 413, 416 (D. C. S. D. N. Y. 1958).

True it is that these decisions were by Federal Courts, interpreting the Federal Rules of Civil Procedure, but our Courts, both the Supreme Court and the Superior Court, have always looked to Federal decisions with "the utmost respect". *Fusco v. Dauphin*, 6 Terry 499, 501, 75 A. 2d 701, 702 (Super. Ct. 1950); *Patterson v. Vincent*, 5 Terry 442, 444, 61 A. 2d 416, 417 (Super. Ct. 1948) and *Canaday v. Superior Court*, 10 Terry 456, 464, 119 A. 2d 347, 352 (Sup. Ct. 1955).

There is another reason—and a very compelling one—why answers to interrogatories cannot be given in the form adopted by defendant. Rule 26(d) (1), Rules of the Superior Court, *Del. C.*, ¶ 33.29 Vol. 4, *Moore's Federal Practice*, 2d Ed., page 2342 and Vol. 2A Wright Ed., Barron and Holtzoff, *Federal Practice and Procedure*, § 778. Both emphasize that answers may be used "for the purpose of contradicting or impeaching the testimony of" the answering party when he appears as a witness. As defendant's answers to the particular interrogatories are now couched, it would be impossible for plaintiffs to make use of the answers "for the purpose of contradicting or impeaching" the person who executed the answers on behalf of defendant. For the purpose noted answers to interrogatories must be set forth in a responsive manner so they can be used as provided in Rule 26(d) (1); thus, I disapprove the form of defendant's answers to the interrogatories in question.

The Court's specific ruling is that a party cannot answer an interrogatory otherwise than as required by the

Rule and by making reference to a deposition or depositions or to other documents that may appear otherwise in the case. Plaintiffs' motion to compel further answers is therefore granted. An order may be submitted on notice directing the defendant to answer the interrogatories within 10 days from the date of the order.