Agnes, A.J.
1.Introduction
This is a civil action in which the plaintiffs, Michelle Donovan and Timothy Donovan, seek compensation for personal injuries sustained as passengers in an automobile accident on November 16,2001. The plaintiffs allege that the accident was a result of the defendant, Scott Sundstrom’s negligence in operating his automobile. The defendant denies all allegations related to the plaintiffs’ claim of negligence. The parties are before this court concerning a dispute that arises out of language contained in the plaintiffs’ response to interrogatories.
2.Background and Issues
The defendant’s motion asks the court to strike the paragraph contained at the end of each of the plaintiffs’ answers to interrogatories. The defendant objects to the paragraphs in question on the grounds that they are not in response to any question; that the interrogatory should only be answered by the party upon whom it has been served and not by the party and the party’s attorney; that the statements contained in the paragraph circumvent the plaintiffs’ obligation to gather the information and provide it in response to the interrogatories; and that there is no need to reserve the right to amend answers to interrogatories because Rule 26(e) directs the party to do so upon discovering that the information is incorrect or incomplete. The defendant also asks the court to strike a portion of Michelle Donovan’s answers to interrogatories numbered four (4), five (5) and seven (7). The defendant objects to the language in question on the grounds that the purpose of discovery is to narrow the issues and prevent surprises at trial and that the statement in question defeats such a purpose. Finally, the defendant objects to the answers to interrogatories thirteen (13), fourteen (14), fifteen (15), sixteen (16) and twenty (20) on the grounds that they are non-responsive and should be stricken. The defendant asks that the court order the plaintiff to further answer these interrogatories.
3.Purpose of Interrogatories in the Discovery Process
Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. Atlas Tack Corp. v. Donabed, 47 Mass.App.Ct. 221, 224 (1999). To that end, the goal of discovery is to make “trial less a game of blind man’s bluff and more a fair contest.” See, e.g., Anderson v. Cryovac, Inc., 862 F.2d 910, 929 (1st Cir.1988), citing United States v. Procter & Gamble, Co., 356 U.S. 677 (1958). Discovery allows “the parties to obtain the fullest possible knowledge of the issues and facts before trial.” Hickman v. Taylor, 329 U.S. 495, 501 (1947). In effectuating this goal, the purpose of interrogatories is twofold: (1) to procure evidence or secure information as to where pertinent information exists and can be obtained, and (2) to narrow the issues. Alamo Theatre Company v. Loew’s, 22 F.R.D. 42, 45 (1958). The scope of issues that interrogatories may cover is coextensive with other forms of discovery. See Mass.RCiv.P. 33(b). The answers to interrogatories may be used to the extent permitted by the rules of evidence. Mass.R.Civ.P. 33(c). Generally, answers to interrogatories may be offered as evidence at trial for impeachment purposes. Hickman at 511; Stevens v. Consolidated Mut Ins. Co., 352 F. 2d 41, 43-44 (1st Cir. 1965); Bailey v. New England Mutual Life Ins. Co. of Boston, Mass., 1 F.R.D. 494 (1940). See also 7 James W. Smith & Hiller B. Zobel, Rules and Practice §33.6 (West 1975 & Supp.); Hon. Paul J. Liacos et al., Handbook of Massachusetts Evidence §6.6 (7th ed. 1999). In order for answers to interrogatories to serve the purposes for which they are intended under the rules of civil procedure and to serve effectively as a basis for impeachment if the person answering them testifies in an inconsistent or contradictory manner, the answers must be in a form that is suitable for use at trial. Smith v. Danvir Corp., 55 Del. 418, 423 (Del.Super.Ct. 1963) (rejecting as invalid answers to interrogatories that simply referred to a deposition testimony of several named witnesses).
4.Contents of Answers and the Duty to Respond to Interrogatories
Answers to interrogatories must be answered separately and fully in writing under oath and “signed by the person making them.” Mass.R.Civ.P. 33(a)(3) (emphasis added). A party answering interrogatories has an affirmative duty to furnish any and all information available. See 7 Moore’s Federal Practice, §33.102(1] (Mathew Bender 3d ed. 2004). Although answers to interrogatories may be prepared almost entirely by counsel, they must be based on the party’s own knowledge. It is improper for the party’s attorney to answer them nor can they be signed by the attorney in lieu of a party or witness no matter how much they may reflect the attorney’s draftsmanship. 7 James W. Smith & Hiller B. Zobel Rules and Practice §33.4 (West *170 1974 & Supp.); McDougall. v. Dunn, 468 F. 2d 468, 472 (4th Cir. 1972) (it was improper for the party’s counsel to answer interrogatories under oath, rather they should have been signed by the defendant personally; it was no excuse that the defendant was out of state and not readily accessible to counsel). If a party obj ects to an interrogatory, the reason for the objection shall be stated and it must be signed by the party’s attorney. Mass.R.Civ.P. 33(a)(3). In anticipation that the answering party may receive additional information or may need to correct information it believed to be true at the time of answering, Rule 26(e) provides for a continuing duty on the part of the responding party to supplement the answers if the party learns that in some material respect the response is incomplete or incorrect. See Mass.R.Civ.P. 26(e). Ultimately, Mass.R.Civ.P 33, like the other rules relating to discoveiy must be interpreted “to secure the just, speedy and inexpensive determination of every action.” Mass.R.Civ.P. 1.
5. Analysis of the Plaintiffs’ Answers
A.The paragraph at the End of each of the Plaintiffs’ Answers to Interrogatories
The paragraph in question reads as follows:
I, [Timothy Donovan/Michelle DonovanJ, have read the foregoing “plaintiff [Timothy Donovan’s/Michelle Donovan’s] answers to the defendant’s first set of interrogatories.” Said answers were prepared by and with the assistance and advice of counsel, upon which I have relied; the answers set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these answers. Consequently, I reserve the right to make any changes to answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available. Subject to the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available. Subject to the limitations set forth herein, the answers are true to the best of my present knowledge, information and belief.
While it is customary for counsel to draft answers to interrogatories for the review and approval of clients and witnesses, when a party or witness qualifies an answer by stating it was prepared “with the assistance and advice of counsel,” it implies that the interrogatories are being answered by the plaintiffs and their attorneys rather than by the plaintiffs alone as directed by 33(a)(3) of the Mass.R.Civ.P. In addition, each answer is to be made separately and fully. Mass.R.Civ.P. 33(a)(3). Given that the answering party has an obligation to fully answer the interrogatories, the plaintiffs’ qualification that the answers aire “subject to inadvertent or undiscovered errors,” creates ambiguities and uncertainties concerning the extent to which the plaintiffs made a full disclosure of all known information at the time of answering. Because ambiguities and uncertainties exist in the plaintiffs’ answers, the defendant’s ability to use such testimony at trial for impeachment purposes is eliminated. In Smith v. Danvir Corp., supra, the court objected to the defendant’s answers to interrogatories on the grounds that the defendant had “couched” his answers making it impossible for the plaintiffs to use the answers for “purposes of contradicting or impeaching” the defendant. Smith at 423. Furthermore, the plaintiffs’ reservation “to make changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available,” is surplusage and, in any event, is covered by rule 26 which provides for a duty to supplement. In summary, the language in the paragraph is neither an answer nor an objection and as such does not comply with Rule 33 (a)(3).
B.The Language Contained in Michelle Donovan’s Answers to Interrogatories Four (4), Five (5) and Seven (7)
The language in question states: “Reserving her right to answer more fully at trial, the plaintiff, Michelle Donovan, states as follows . . .”
Michelle Donovan’s reservation “to answer more fully at trial,” is also objectionable. The statement in question creates ambiguities and uncertainties as to whether or not the plaintiff s answer is complete. Such a statement gives the implication that the plaintiff has relevant information that she may not be disclosing. Given that one of the purposes of interrogatories is to narrow the issues and prevent surprises at trial, this purpose is defeated by the plaintiffs indication that she has not fully answered and that she may disclose additional information at trial. Again, such a qualification eliminates the defendant’s ability to use such testimony in trial for impeachment purposes. Finally, Rule 26 creates an obligation for the plaintiff to supplement her answers in the event that she receives additional information prior to trial. Thus Rule 26 eliminates the need for the plaintiff to qualify her answers.
C.The Answers to Interrogatories Thirteen, Fourteen and Fifteen
The plaintiffs response to interrogatories thirteen, fourteen and fifteen recognizes that the answer is incomplete and that as such she has a responsibility to supplement it. These interrogatories were signed on October 27, 2003 and the plaintiff has not supplemented her answers.
Given the plaintiffs duty to answer each interrogatory fully and separately, the plaintiffs acknowledgement of her incomplete answer violates her duty to furnish all information available to her. The plaintiff has not fulfilled this obligation to date.
*171 D. The Answer to Interrogatory Sixteen
Interrogatory sixteen asks the plaintiff to “state the name and address of the prescribing physician, doctor or medical practitioner, the name of the drug or medicine so prescribed and the date(s) on which said prescription was filled” in connection with any treatment she received as a result of the accident. The plaintiffs answer states, “Doctor Warhold prescribed several different muscle relaxers/anti-inflammatory drugs for me. The only one I recall was Viox. I was also prescribed pain medication after the surgery.”
The defendant has specifically asked the plaintiff for the address of the prescribing physician, doctor or medical practitioner as well as the name of the drug or medicine prescribed, along with the date(s) on which the prescription was refilled. The plaintiff failed to give the address of the doctor who treated her. Although she admits she was prescribed several different muscle relaxers/anti-inflammatory drugs as well as pain medication, the only one she identifies by name is Viox. In addition, the plaintiff does not indicate whether or not the prescription was refilled or her reasons for not listing the dates any of the prescriptions were refilled.
E. The Answer to Interrogatory Twenty
Interrogatory twenty asks the plaintiff to:
. . . state the name and address of each of your employers for a period of time starting ten (10) years before the accident ... up to the date on which these interrogatories are signed giving in your answer the dates of each such employment, the nature of your occupation at each employer and the amount of wages, salary or profit you received from each employer.
The plaintiff answered, “I have been self-employed since May 2, 1990.”
While the plaintiff did answer the question regarding her employer, she has not answered the nature of her occupation or the amount of wages, salary or profit she received. Unless the plaintiff objects to the interrogatory and states her grounds for objection in lieu of an answer, she has an obligation to fully answer the interrogatory posed by the defendant. The plaintiff has failed to fulfill this obligation.
ORDER
The rules of civil procedure do not forbid attorneys from assisting a party or a witness in preparing an answer to an interrogatory. There is no bar to counsel drafting the answer. However, in order for the answer to comply with Mass.R.Civ.P. 33, it must be a full and complete written answer to the question posed by the interrogatory (or an objection to the interrogatory), it must be signed personally, under oath by the client or witness to whom it is posed, it must be based on that person’s knowledge, and it may not contain qualifications, explanations or addenda such those in this case. For the above reasons, the Defendant’s Motion to Strike the Plaintiffs’ Answers to Interrogatories is ALLOWED. The plaintiff Michelle Donovan is ordered to further answer interrogatories numbered fourteen, fifteen, sixteen and twenty.