**DRAKE v. PYCOPÉ, Inc.**

Civ. No. 27534.

United States District Court
N. D. Ohio, E. D.

Feb. 16, 1951.

Vern L. Oldham, Cleveland, Ohio, for plaintiff.

W. R. Liberman, New York City, Sanford Schnurmacher, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is a patent infringement action before the court on plaintiff's objections to certain interrogatories.

Defendant's interrogatories 5 and 6 seek information concerning licenses issued by plaintiff which cover the patent in suit. Plaintiff objects on the grounds of irrelevancy and adds the oft used charge of "fishing expedition" to support his objection. While at present, I do not see how such information is relevant, it does appear from defendant's brief that such information will lead to discovery of relevant evidence. This is all that is required by Fed.Rules Civ.Proc. rule 26, 28 U.S.C.A., and the objection will be denied.

Plaintiff objects to interrogatories 8, 9 and 10 on the ground that they call for an opinion, or interpretation of a patent. It is apparent that plaintiff in filing his complaint took full advantage of Rule 8(a) and merely stated that he is the owner of a certain patent, and that a device of defendant's infringes claims of his patent. Such a complaint, of course, is proper but as respects information, it merely gives defendant notice that he is being sued, and little else. Some procedure should be made available by which defendant may obtain the information necessary to defend properly the lawsuit. Two methods are open to defendant, a motion for a more definite statement or the discovery procedure. This court has many times in the past indicated that the proper method is the use of the discovery procedures, and cannot allow discovery by interrogatories to become entangled in a mass of objections, else the defendant will be wholly unable to obtain the necessary information. This is especially true where plaintiff does

**332**

nothing more in his complaint than give notice of the lawsuit. Objections going to opinion or interpretation of claims therefore must be brushed aside where, as here, the interrogatories are directed to discovery of the exact nature of plaintiff's claim.

It would be reasonable to believe that the information sought by these interrogatories probably had been collected by plaintiff, collated and compared with the alleged infringing device, with the result that plaintiff reached a definite conclusion that in some particular way defendant's device infringed. Upon these conclusions plaintiff will rely and defendant should be informed of them. More particularity is indicated.

The objections will be denied.