Irma I. Gyorkos, Plaintiff, v. John B. Reynolds, Trading as Jack's Service Station, Defendant.

(*December* 20, 1951.)

Herrmann, J., sitting.

*William H. Bennethum* and *Morton E. Evans* (of Morford, Bennethum, Marvel and Cooch) for Plaintiff.

*William Prickett* and *Jackson W. Raysor* for Defendant.

Superior Court for New Castle County, No. 576, Civil Action, 1951.

Herrmann, J.:

The plaintiff has alleged "loss of earnings" as an item of damages. Pursuant to Rule 33, the defendant propounded the

following interrogatory to the plaintiff: "6. Specify the amount of wages, if any, that were not paid to plaintiff because of such absence from work."

The plaintiff contends that the answer to this question would be inadmissible at trial and that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. The plaintiff bases this contention upon the rule that a person, injured as the result of the negligence of another, may recover wages for the period during which he was unable to perform the duties of his employment by reason of the injury, notwithstanding the fact that his employer may have made payments to him during that period as gratuities or with the understanding of repayment after recovery. See *Campbell v. Brandenburger*, 5 *W. W. Harr.* 203, 162 *A.* 354.

The plaintiff's objection is without merit. There is nothing in the record at this stage of the case to justify the application of the rule of damages to which the plaintiff refers. Moreover, the plaintiff is urging that the test of admissibility be applied in determining whether the interrogatory is proper. Relevancy, not admissibility, is the test. An interrogatory is proper if it relates to relevant matter, even though the answer may be inadmissible in evidence. The Court will not make pretrial rulings regarding the materiality or admissibility in evidence of information sought by interrogatories. 4 *Moore's Federal Practice (2d Ed.)* § 33.11; *Bowles, etc. v. Safeway Stores, Inc., et al., D. C. W. D. Mo.*, 1945, 4 *F. R. D.* 469; *Patterson Oil Terminals, Inc., v. Charles Kurz & Co., Inc., et al., D. C. E. D. Pa.* 1945, 7 *F. R. D.* 250.

Interrogatory No. 6 is relevant to the matter of "loss of earnings" alleged as an item of special damages. The objection will be overruled.