RICHARD R. PFEIFER, Plaintiff, v. JOHNSON MOTOR LINES, INC., a corporation organized and existing under the Laws of North Carolina and EVERETTE BERRY HARRELSON, Defendants.

(*March* 20, 1952.)

HERRMANN, J., sitting.

*Edward W. Cooch, Jr.*, (of· Morford, Bennethum, Marvel and Cooch) for plaintiff.

*William Prickett* and *Jackson W. Raysor* for defendant, Johnson Motor Lines, Inc.

Superior Court for New Castle County, No. 761, Civil Action, 1951.

HERRMANN, J.

The plaintiff alleges in his complaint that he was injured as the result of a motor vehicle collision caused by the negligence of the defendants. The plaintiff was the operator of one of the vehicles. It is alleged that the other vehicle was owned by the defendant Johnson Motor·Lines, Inc. and was being operated

by its employee, Everette Berry Harrelson, the other defendant. It appears from the complaint that the accident was a right-angle intersectional collision and that the motor .vehicle driven by the plaintiff was in motion at the time of the impact. After alleging several acts of negligence on the part of the defendants, the plaintiff alleged in his complaint: "Defendants had the last clear chance of avoiding the accident." By its answer, Johnson Motor Lines, Inc., denies negligence and asserts contributory negligence on the part of the plaintiff.

Pursuant to Superior Court Rule 33,[1] the defendant Johnson Motor Lines, Inc. served the following interrogatory upon the plaintiff:

> "Specify the negligence of which the plaintiff was guilty that is the basis for the allegation that the defendant had the last clear chance to avoid the collision, * * *."

The plaintiff objects to the interrogatory on the ground that it calls for an opinion or conclusion of law.

 The plaintiff's objection is technical. It conflicts with the broad and liberal treatment which should be accorded to Rule 33. See *Hickman v. Taylor*, 329 *U. S.* 495, 67 *S. Ct.* 385, 392, 91 *L. Ed.* 451. Actually, the defendant's interrogatory is calling for the plaintiff's contentions regarding the application of the last clear chance doctrine, including a particularization of the plaintiff's skeleton allegation of a conclusion of law as to that doctrine. Disregarding the technical connotation often placed upon the word "negligence" as a conclusion of law, the defendant's interrogatory is actually making this inquiry: What are the facts upon which you base your contention that the last clear chance doctrine may be applied in your favor? While the form of the interrogatory may be objectionable upon technical grounds, the substance of the interrogatory is clear. I shall look to the substance of the interrogatory and disregard its form.

---

[1]*Superior Court Rule* 33 is substantially the same as Rule 33 of the *Federal Rules of Civil Procedure*, 28 *U. S. C. A.*

I subscribe to the view that an interrogatory should not be considered improper for the sole reason that it requires the adverse party to state his contentions regarding the issues made by the pleadings. See 4 *Moore's Fed. Pract.* (2d Ed.) p. 2311; 2 *Barron & Holtzoff, Fed. Pract. & Proc.*, p. 437, n. 88. There is nothing in the rules to indicate that the ascertainment of pure fact is the only proper object of an interrogatory. The interrogatory device is designed to serve two main purposes: (1) To narrow and clarify the basic issues between the parties; and (2) to permit the ascertainment of facts relative to those issues. The two purposes are equally important in order to clear the way completely "for the parties to obtain the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor, supra,* 329 *U. S.* 495, 67 *S. Ct.* 389, 91 *L. Ed.* 451.

If the answer to an interrogatory may narrow and clarify the issues made by the pleadings, without imposing undue burden or prejudice upon the interrogated party, the interrogatory should be answered, if otherwise unobjectionable, notwithstanding that it calls for a statement of contentions and even though the expression of a conclusion or opinion must be made by the interrogated party for that purpose. Cf. 4 *Moore's Fea. Pract.* (2d Ed.) pp. 2303-2312. This conclusion is in accord with the view expressed in *United States v. Columbia Steel Co., D. Del.* 1947, 7 *F. R. D.* 183, 185, where the Court stated that "Of course, any holding that a party cannot be interrogated as to its contentions is subject, as to extent, to the basic purpose of simplification of issues." Compare, *Drake v. Pycope, Inc., N. D. Ohio* 1951, 96 *F. Supp.* 331. It would seem that any other view gives all emphasis to one purpose of discovery, i.e., the ascertainment of facts, and disregards the other purpose of discovery, i.e., the narrowing and clarification of the issues.

In the instant case, therefore, the question for decision is whether the answer to the interrogatory may serve the purpose of narrowing, clarifying or simplifying the issues.

The last clear chance doctrine is not applicable unless both the plaintiff and the defendant were guilty of negligence. Whenever there are negligences on the part of both parties and the respective acts of negligence are not concurrent, but one follows the other by an appreciable interval of time, then, by the application of the doctrine, the party who had the last clear chance to avoid the accident and negligently failed to do so is chargeable with the whole. The primary basis of the doctrine is the negligence of the party invoking it. The doctrine is available to a plaintiff only when there has been antecedent negligence on his part. *Island Express, Inc. v. Frederick*, 5 *W. W. Harr.* 569, 171 *A.* 181; *Baker v. Reid*, 5 *Terry* 112, 57 *A.* 2d 103; *Tompkins v. Baltimore & Ohio R. Co.*, 7 *Terry* 156, 81 *A.* 2d 288.

Prior to the adoption of the new rules it was settled that a plaintiff was obliged to allege facts in his declaration which would bring him within the protective sphere of the last clear chance doctrine. In *Leedom v. Pennsylvania R. Co.*, 3 *Terry* 186, 29 *A.* 2d 171, 173, where the plaintiff attempted to invoke the doctrine, this Court stated:

> "Where properly invoked in aid of a plaintiff, his negligence is admitted, but it is relegated from the position of a proximate cause to that of a remote cause, or mere condition. Facts must, of course, be alleged to bring a plaintiff within the protection of the doctrine. * * * ; and where the last chance doctrine is invoked, the facts alleged must show that the plaintiff's negligence was merely a remote condition. * * *"

This rule was in accord with the requirement generally prevailing elsewhere to the effect that, in order to make the last clear chance doctrine an issue in the case, facts must be stated in the complaint which "fairly apprise the trial court and defendant that it will be invoked and afford a basis for a conclusion of liability based upon it." *Kinderavich v. Palmer*, 127 *Conn.* 85, 15 *A.* 2d 83, 90; *Buck v. Rutland R. Co.*, 101 *Vt.* 282, 143 *A.* 297; 65 *C. J. S.*, *Negligence*, § 191, p. 910.

Under the rules now prevailing in this Court, however, as under the Federal Rules of Civil Procedure, a complaint is intended to do little more than to give general notice of the claim asserted. It is true that Rule 9 (b) requires that, in alleging negligence, the circumstances constituting negligence must be stated with particularity. Notwithstanding that Rule, however, the approved form of complaint for negligence contained in the Appendix to the Rules of this Court indicates that, in alleging last clear chance, the requirement of Rule 9 (b) is met by the broad conclusion of law which appears in the complaint in the instant case. (See Form 9, Appendix to Superior Court Rules). The "official" form must be deemed by this Court to be within the requirement of Rule 9 (b). *Laskowski v. Atomic Cleaners & Dyers, Inc., etc.*, 8 *Terry* 198, 89 *A.* 2d 157.

The plaintiff has taken full advantage of the form complaint and has alleged no more than the form requires. He has alleged merely that the defendant had the last clear chance to avoid the accident; he has furnished no information from which the defendant may know the facts or the theory upon which the broad averment is based. The defendant is entitled to have a particularization of the plaintiff's bare allegation. Since the approved form does not require the plaintiff to furnish the particulars in his complaint, they must be provided by the discovery process. Compare, *Bush v. Skidis, E. D. Mo.* 1948, 8 *F. R. D.* 561.

Implicit in the plaintiff's allegation of last clear chance is his admission of some act of negligence on his part, together with his contentions that his negligence was antecedent and not concurrent with the defendant's negligence, and that his own negligence was only a remote cause of the accident. The defendant is entitled to draw the plaintiff out, prior to trial, regarding the details of the admission and contentions implied in the averment. It may be that the plaintiff indiscriminately included the form allegation of last clear chance in his complaint because he could not resist the invitation extended by Form 9. If that be the case, interrogation as to the plaintiff's contentions may lead

to prompt removal of the doctrine as an issue in the case. If, on the other hand, the plaintiff intends to place real reliance upon the doctrine in order to overcome a weakening factor arising from his own negligence, then a requirement that he must specify his contentions by answer to interrogatories will enable the defendant, upon appropriate motion prior to trial, to test the plaintiff's contention for the presence of successive negligences and for the existence of the other elements which are requisite to the application of the doctrine. This, too, may remove the last clear chance as an issue in the case. In either event, the interrogatory may serve the purpose of clarifying, simplifying or narrowing the issues.

Accordingly, the interrogatory is held to be proper notwithstanding that it requires the plaintiff to state a contention which may involve a conclusion or opinion. The objection to the interrogatory will be overruled.

An Order may be submitted on notice.