WILLIAM BERNARD COSTELLO, Plaintiff, v. WILLIAM LAWSON CORDING, Defendant.

(*September* 18, 1952.)

LAYTON, J., sitting.

*H. Albert Young* for Plaintiff.

*John S. Walker* for Defendant.

Superior Court for New Castle County, No. 355, Civil Action, 1951.

**LAYTON, J.:**

■■ I am not impressed by plaintiff's objections. Where, as under the practice of this jurisdiction, a complaint affords little more than general notice of the claim asserted, defendant, under our discovery rules, is naturally entitled to a full disclosure of all material facts upon which the claim is founded. *Pfeifer v. Johnson Motor Lines*, 8 *Terry* 191, 89 *A.* 2d 154, 155. And I cannot conceive of a better form of propounding the interrogatories than here devised. Concededly, there are cases which have rejected interrogatories filed in the form here filed. *Ritepoint Co. v. Secretary Pen Co., Inc., D. C. N. J.* 1950, 94 *F. Supp.* 457; *Aktiebolaget Vargos v. Clark, D. C.* 1949, 8 *F. R. D.* 635, 636. But there are numerous decisions to the contrary. *Parron and Holtzoff Federal Practice and Procedure*, Vol. 2, § 768, p. 437.

Plaintiff is not in reality being required to give a complete history of his case including a summary of the testimony of all his witnesses. Actually, a short answer of a few sentences would undoubtedly suffice fairly to inform defendant of the facts upon which plaintiff bases his ultimate conclusion that defendant

was guilty of wanton and wilful conduct in disregard of the rights of others.

Plaintiff's argument that the facts here sought should be elicited by a series of single questions is not acceptable and, in my opinion, his further contention that his answers to these interrogatories may be used as the basis for a motion for summary judgment, rather than being persuasive, is without merit for it may result that this entire litigation can be disposed of at an early stage if it appears that plaintiff is unable to take his case without the "guest" statute.

My examination of the interrogatories here objected to indicates that plaintiff should not be required to answer interrogatory 1 because it seeks to elicit facts in support of a clear allegation of fact, namely that defendant was driving at a speed of between 70 to 85 miles per hour into a curve. He will be required to answer interrogatories 2(a), (b), (c) and (d), but not interrogatory 3 because the latter is repetitious in nature.