BUCHANAN SERVICE, INC., a corporation of the State of Delaware, Plaintiff, v. LLOYD D. CREW, Defendant.

*(April* 6, 1954.)

HERRMANN, J., sitting.

*William Prickett* and *Samuel R. Russell* (of Tunnell and Tunnell) for the plaintiff.

*Houston Wilson* for the defendant.

Superior Court for Sussex County, No. 132, Civil Action, 1953.

HERRMANN, J.:

This is an action for damages arising from an automobile accident. The complaint alleges that the defendant was negligent in: (a) failing to keep his vehicle under proper control; (b) failing to exercise due care and caution; (c) failing to drive upon the right half of the highway; and (d) failing to yield one-half of the main traveled portion of the highway.

The defendant denies negligence, asserts acts of negligence by the plaintiff and, in stating a counterclaim, the defendant alleges that the plaintiff "had the last clear chance to avoid the accident". The plaintiff denies the allegations of the counterclaim.

Pursuant to Civil Rule 33, *Del. C. Ann.* the plaintiff served the following interrogatory upon the defendant:

"Specify the negligence of which you were guilty, which is the basis for the averment that the plaintiff had the last clear chance to avoid the collision."

The defendant answered this interrogatory as follows:

"I was not guilty of any negligence. The plaintiff has averred that I was guilty of negligence. On the basis of the evidence and

testimony produced by the parties at the trial, if the Court should find that there was any negligence on my part, which I deny, then and in such event, the plaintiff's driver still had the last clear chance to avoid the collision."

Later, in response to the plaintiff's motion to require the defendant to answer the interrogatory more fully and completely, the defendant filed a supplementary answer to the interrogatory. In the supplementary answer, the defendant gave a lengthy narrative of his version of the accident. The defendant stated therein that, after dark, he was operating his automobile in a southerly direction on a two-lane highway, one lane used by southbound traffic and the other by northbound traffic; that it had been raining, the road was wet and rain water had accumulated on the road and shoulders; that, in the exercise of caution, he was driving to his extreme right when the right rear wheel of his automobile slipped from the paved surface of the road into a water-filled depression or gutter along the edge of the road; that the defendant brought his vehicle to a stop with the rear wheel in the gutter and the front wheel at or near the center line of the road; that while his automobile was in this stopped position across the southbound lane of the highway, and before he could maneuver his automobile out of the gutter, the plaintiff's automobile, traveling in a northerly direction, approached and struck the defendant's automobile.

The plaintiff now moves to strike the answer thus given to its interrogatory on the ground that the answer is not sufficiently responsive. In support of this contention, the plaintiff cites *Pfeifer v. Johnson Motor Lines, Inc.*, 8 *Terry* 191, 89 *A.* 2d 154,[1] 1955.

The *Pfeifer* case requires the defendant to do more, in response to the plaintiff's interrogatory, than to deny negligence and recite a general narrative of his version of the accident. Under the *Pfeifer* case, and the decisions cited therein by

---

[1]As in the *Pfeifer* case, the interrogatory here involved is taken to read: "What are the facts upon which you base your contention that the last clear chance doctrine may be applied in your favor?"

which the last clear chance doctrine has been evolved in this State, the defendant will be required to specify (1) the facts denoting some negligence of which he may have been guilty and (2) the facts which are the basis for the contention, implicit in the allegation of last clear chance, that such negligence was antecedent and not concurrent with the plaintiff's negligence and that such negligence was a remote cause and not a proximate cause of the accident.

The reasons for this ruling are stated in the *Pfeifer* case and they need not be repeated here.

If the defendant's answer to the interrogatory had stated how long his automobile had remained on the highway before being struck by the plaintiff's automobile, the answer may have been found to be sufficient to enable the Court to test the situation for appreciable interval of time, for successive negligences and for the existence of the other elements which are requisite to the invocation of the last clear chance doctrine. Lacking a statement of fact as to the time element, the answer is not sufficiently responsive.

Essential to consideration of the last clear chance doctrine is contemplation of some act of negligence by the party who seeks to invoke the doctrine. Although contemplation of his own possible negligence may be quite distasteful to the defendant, nevertheless, he is unable to seek the protection of the doctrine without admitting, arguendo at least, that he may have been guilty of some act of negligence.

The motion to strike the answer to the interrogatory will be granted.