SYLVESTER DAYSON, Plaintiff, v. GREAT NORTHERN OIL COMPANY, a corporation of the State of Delaware, Defendant.

(*November* 15, 1955.)

HERRMANN, J., sitting.

*Aaron Finger* (of Richards, Layton and Finger) for the plaintiff.

*William Prickett* for the defendant.

Superior Court for New Castle County, No. 633, Civil Action, 1955.

HERRMANN, J.:

■■ The defendant served the following interrogatories upon the plaintiff:

"(19) Is the defendant qualified to do business is Texas?

"(20) If so, when did it qualify?

"(21) If so, specify the office or officers which it has and has had in Texas since its qualification."

The plaintiff objects to these interrogatories on the ground that they call for a legal conclusion.

These interrogatories are addressed to a contention of the defendant made in support of its motion that this action be dismissed on the ground of *forum non conveniens*. Thus, by these interrogatories, the defendant calls upon the plaintiff to give an opinion or conclusion not necessary for the statement of any contention of the plaintiff. The rule of *Pfeifer v. Johnson Motor Lines*, 8 *Terry* 191, 89 *A.* 2d 154, upon which the defendant relies, is limited to opinions or conclusions necessary for the statement of a contention of the interrogated party. The rule of that case is a liberal and advanced concept under the discovery practice. See 4 *Moore's Federal Practice* (2d Ed.) pp. 2310-2312. I do not think that it should be enlarged to the extent here urged by the defendant. Accordingly, the objection to these interrogatories will be sustained.

■ Interrogatory No. 43 propounded by the defendant is as follows:

"(43) Enumerate the questions involving the General Corporation Law of Delaware [8 *Del. C.* § 101 *et seq.*], which will have to be decided in this case."

Similarly, the objection to this interrogatory is based upon the ground that it calls for an opinion or legal conclusion.

This interrogatory is addressed to a contention made by the plaintiff in opposition to the defendant's motion for dismissal on the ground of *forum non conveniens*. The plaintiff contended that the doctrine of *forum non conveniens* may not be applied because the issues of the case include questions involving the General Corporation Law of Delaware which should be decided by the courts of this State.

Since Interrogatory No. 43 relates to a contention of the plaintiff, the interrogated party, and since the answer may serve to narrow, clarify or simplify the issues, the objection will be overruled and the plaintiff will be required to answer. *Pfeifer v. Johnson Motor Lines, supra.*

An order may be submitted on notice.