ADDIE C. DAMMER and FRANK A. DAMMER, her husband, Plaintiffs, v. METROPOLITAN MERCHANDISE MART, INC., a Delaware corporation; STRAWBRIDGE & CLOTHIER, a Pennsylvania corporation duly registered and qualified to do business in Delaware; and FRANKLIN STORES CORPORATION, a Delaware corporation, Defendants.

*(March* 10, 1964.)

STIFTEL, J., sitting.

*Edward W. Cooch, Jr.,* and *H. Alfred Tarrant, Jr.,* (of Cooch and Taylor, of Wilmington) for plaintiffs.

*James T. McKinstry* (of Richards, Layton and Finger, of Wilmington) for defendants.

Superior Court for New Castle County, No. 278, Civil Action, 1963.

STIFTEL, Judge.

Addie C. Dammer was allegedly injured during January, 1963, as a result of a fall on property owned or leased by the defendants. She and her husband claim that defendants were negligent in permitting a hazardous condition to exist on their premises. She seeks damages for her personal injuries and her husband, in a derivative action, seeks recovery for loss of consortium and special damages. Plaintiffs objected to the following two interrogatories directed to them by defendant Strawbridge and Clothier:

"(25) State whether or not any Blue Cross or other compensation has been paid or received on account of the injuries, illnesses or complaints alleged in the complaint

or the expense of treating them. Specify in detail, giving
"a) Date of such compensation of payment

"b) Document evidencing such compensation or payment

"c) Present location of said document and present address of each person in whose custody it is lodged

"d) Amount of each payment of compensation or other receipt

"(26) State whether or not plaintiffs, or either of them, have received any money [or brought any claim against any organization for the injuries]* for which this action is brought."

Strawbridge concedes that plaintiffs' damages will not be diminished by the amount of Blue Cross payments or any other collateral medical compensation paid or due to plaintiffs and that such evidence of payment would be inadmissible at trial. Strawbridge argues that it is, nevertheless, entitled to have the interrogatories answered because it claims that it may learn from these records the extent of Mrs. Dammer's injuries or illnesses incurred from sources other than the accident in question and that facts may be discovered which could lead to admissible evidence. Strawbridge also states that it is entitled to know what subrogation provisions appear in any insurance policies held by plaintiffs so that it may take appropriate steps to protect itself in the event a settlement of plaintiffs' claim becomes desirable.

■ ■ Discovery rules ordinarily should be liberally and broadly construed. *Pfeifer v. Johnson Motor Lines*, 8 Terry 191, 89 A.2d 154. However, discovery is limited

_____

*Plaintiffs agree to answer bracketed portion of Question 26.

to a question's relevance to the subject matter of the pending action. *Gyorkos v. Reynolds,* 7 Terry 449, 85 A.2d 236.

### Blue Cross and Other Medical Compensation

Plaintiffs argue that Strawbridge should not be entitled to see any Blue Cross records or any other records dealing with payments of medical compensation because the same information may be obtained by Strawbridge by questions directed to the plaintiffs and, in fact, suggest that most of the information they could obtain from examination of these records has already been inquired into by other interrogatories which the plaintiffs have already agreed to answer.[1]

Plaintiffs make no claim that Blue Cross or other compensation records fail to disclose the information that Strawbridge seeks. They merely argue that defendant Strawbridge is not entitled to have this information. Assuming that plaintiffs' insurance records have such information, Strawbridge should be entitled to see it. Strawbridge is not required to obtain its information by methods which plaintiffs suggest. It is entitled to seek this avenue of approach. It cannot be determined at this time whether or not Strawbridge may discover evidence from an examination of these records which would be relevant to the issues herein. At least it must be afforded this opportunity. I therefore permit Interrogatory No. 25 to stand. Interrogatory 26, excluding that portion

---

[1] For example, D.I. #11 requests details of injuries, illnesses and complaints resulting from the present accident; D.I. #12 requests names and addresses of all medical personnel who have examined or treated the plaintiff for present injuries; D.I. #13 requests all medical institutions to which plaintiff was admitted for present injuries; D.I. #14 and #15 request all medical reports bearing on present injuries; D.I. #18 requests information as to whether plaintiff was hospitalized during the five years prior to this accident; and D.I. #19 requests information as to whether plaintiff was treated by any physician during the five years prior to this accident.

which plaintiffs have already agreed to answer, is largely a duplication of Interrogatory 25 and plaintiffs' objection to it is sustained.

### *Subrogation*

Strawbridge also argues that it is entitled to discover whether or not subrogation provisions appear in any of the policies held by plaintiffs so that appropriate steps may be taken by defendants to protect themselves in the event a settlement of plaintiffs' claim should become desirable. Neither question 25 nor 26 requests submission to Strawbridge of the policies of insurance. But even if such requests were made, it would not be allowed, since it is not relevant to the subject matter of this case. In *Deseta v. Sipple* (Superior Ct. Del., unrep. dec. 2/6/61), Judge Christie, in considering a similar problem, stated, at p. 6:

"* * * under current Delaware practice, the existence of subrogation as to all or any part of a plaintiff's claim is of no moment to a defendant. Information as to subrogation is not a proper matter of inquiry on discovery, since it is irrelevant and such information is not likely to lead to relevant evidence."

Plaintiffs are directed to answer Interrogatory 25.