Robert F. WILLIAMS, Marjorie H. Williams and Jeffrey R. Williams, a minor, by Robert F. Williams, his next friend, Plaintiffs,

v.

Charles F. MORRIS, Defendant.

Superior Court of Delaware.

New Castle.

Oct. 17, 1966.

H. James Conaway, Jr., and Edward B. Maxwell, 2nd, of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiffs.

F. Alton Tybout, and Morton Richard Kimmel, Wilmington, for defendant.

## OPINION

STOREY, Judge.

This is an action for damages arising from an automobile accident alleged to have been caused by the defendant's negligence. The above matter comes before this Court on objections by the plaintiff, Marjorie H. Williams (hereinafter referred to as "plaintiff" [1]), to defendant's "Further Interrogatories."

The complaint recites the following allegation:

"As a result of the negligence of the defendant, plaintiff Marjorie H. Williams was thrown against the windshield of the Williams vehicle sustaining multiple lacerations of the forehead, head injuries, hematoma with embedded glass, shock and acute anxiety requiring surgical and medical treatment with scarring above the right eye and has since the accident experienced and now experiences frequent and serious headaches with nausea and giddiness and a reduction of sensation above the right eye and on the right side of her head, the duration of which cannot now be predicted, and has experienced intense physical pain and suffering and mental disturbance."

In answer to defendant's original interrogatories, plaintiff restated the aforementioned injuries and added the occurrence of recent fainting spells. In the original interrogatories, the defendant inquired into and received answers concerning, among others, the following matters: the physicians and surgeons who either treated or examined the plaintiff, the nature of such treatments, and the dates; medical institutions to which she was admitted for her injuries; the complaints which have persisted since the accident and the complaints which were temporary in nature; the doctors who are presently treating the plaintiff; X-rays that have been taken and the custodians of such X-rays; the nature of the medical reports and records that have been prepared and at whose request they were prepared; and the dates of all electroencephalographic (EEG) tests and where they were performed. The interrogatories also contained a blank medical authorization which plaintiff refused to grant. Although the defendant has examined the plaintiff by oral deposition, he has not received responsive answers, as the plaintiff was unable to comprehend her doctor's explanation of the cause of her headaches and other ailments.

Subsequently defendant served upon the plaintiff the following interrogatories to which plaintiff has objected:

"24. With reference to the headaches which you claim to have experienced as a result of the accident state as precisely as possible the conclusions reached by your physicians concerning the causes of your headaches and as to each such conclusion state the name of the doctor who reached that conclusion.

25. With reference to any electro-encephogram (sic) which has been performed state:

(c) A precise description of the results of the analysis of the test.

26. If any treating physician has indicated to you or anyone on your behalf, either verbally or in writing

---

[1]. Although there are three plaintiffs, the interrogatories which are subject to objection concern only those directed to Marjorie Williams.

that any of your complaints resulting from this accident are permanent, state the name of such doctor and, as to such doctor state:

(a) A specific description of the disability which is alleged to be permanent.

(b) When such conclusion was made known to you or anyone on your behalf.

(c) Whether any improvement is expected in such complaint in the future."

Rule 33 of the Superior Court Rules of Civil Procedure, Del.C.Ann., defines the scope of interrogatories.[2] It states that "[i]nterrogatories may relate to any matters which can be inquired into under Rule 26(b)". Under Rule 26(b), a person may be examined about any matters which are relevant, not privileged, and reasonably calculated to lead to the discovery of admissible evidence, even though the answers might not be admissible evidence. Interrogatories may also be used to determine "the existence, description, nature, custody, condition and location of any books, or documents * * *." Relevancy, not admissibility in evidence, is the test to determine whether interrogatories are proper if they are not otherwise objectionable. Gyorkos v. Reynolds, 7 Terry 449, 85 A.2d 236 (Super.1951).

The issue presented here is whether or not a non-expert party may be compelled to answer interrogatories of a technical nature relating to the expert medical opinions and conclusions of the interrogated party's doctor. This precise question is one of first impression in Delaware. The federal courts have not permitted interrogatories to discover expert opinions absent special or distinctive circumstances such as the information was not otherwise obtainable by the interrogating party. 86 A.L.R.2d 138, 146–147. The rule is well stated in United Air Lines, Inc. v. United States, 26 F.R.D. 213 (D.Del.1960):

"[T]he discovery rules are intended to aid preparation for trial by narrowing and clarifying issues and providing flexible means to ascertain basic facts. Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. Discovery of opinions or conclusions, however, furthers these goals in only a tangential manner, for while a witness to a physical occurrence is relatively unique, and, therefore, relatively indispensable, opinions are obtainable from many sources. This leads to the notion that since the party seeking discovery can obtain opinions without difficulty elsewhere, there is usually little need for him to seek them from experts associated with his adversary. Moreover, since the problem often arises after an attorney has requested the expert to make certain tests in preparation for litigation. Hickman v. Taylor, supra, may pose a barrier to discovery. As a result, a line of cases has developed denying discovery when the sought-after matter consists of expert opinions or conclusions. * * * Another line of cases, however, has allowed such inquiry where a special need has been demonstrated." 26 F.R.D. at 217.

The Courts of this State have adopted a very broad and liberal interpretation of Rule 33. This discovery device has been assigned two functions. First, interrogatories serve to narrow and clarify the issues prior to trial. Second, they are a means of obtaining facts relevant to the issues. Dammer v. Metropolitan Merchandise Mart, Inc., Del.Super., 199 A.2d 111 (Super.1964); Pfeifer v. Johnson Motor Lines, Inc., 8 Terry 191, 89 A.2d 154 (Super. 1952). And, interrogatories are not necessarily objectionable if their purpose is to elicit opinions and conclusions. Pfeifer v. Johnson Motor Lines, Inc., supra. There are, however, two limiting factors. The

---

**2.** The Superior Court rules are very similar to the Federal Rules of Civil Procedure.

same judge who decided the *Pfeifer* case subsequently stated in Dayson v. Great Northern Oil Co., 10 Terry 411, 118 A.2d 361 (Super.1955) that:

"[t]he rule of Pfeifer * * * is limited to opinions or conclusions necessary for the statement of a contention of the interrogated party." 118 A.2d at 362.

The rule is further restricted in that all Delaware decisions requiring an interrogated party to respond to questions calling for opinions or conclusions involved a request for the legal theory which the interrogated party expected to propound at trial. Therefore, the plaintiff might be required to identify those injuries which are permanent and those which are temporary. The plaintiff, however, does not have to give an explanation why her injuries are permanent. Interrogatories which seek to elicit facts in support of a clear allegation of fact do not have to be answered. Costello v. Cording, 8 Terry 412, 91 A.2d 549 (Super.1952).

▮ The subject matter of the objectionable interrogatories is of a technical and scientific nature. Admittedly, they ask not only for the plaintiff's statement of the opinions and conclusions of others under oath, but also for the summarization or restatement of expert medical opinions, conclusions, and analyses, which interrogation is beyond the proper scope of Rule 33.

▮▮ Furthermore, the interrogatories are an apparent attempt to circumvent Rule 34 of the Superior Court Rules of Civil Procedure, which provides the procedure for the production of documents. Under Rule 34, documents are only available to a party upon a showing of good cause. Although interrogatories are not objectionable merely because the information sought can be obtained only by reference to documents, their use must be precluded "where an interrogatory in effect seeks a summarization or résumé of a document." Coyne v. Monongahela Connecting Railroad Company, 24 F.R.D. 357, 358 (W.D.Pa.1959). Interrogatory 24 asks for a "precise" description of the doctors' conclusions; Number 25 requires a "precise description" of the EEG tests; and Number 26 demands "a specific description of the disability which is alleged to be permanent." Such an inquiry could not possibly be answered unless the entire report was restated because the plaintiff is not qualified to summarize or restate the opinions of her doctors. Whether or not the material sought falls within or without the category of privileged communications or the work product of an attorney is irrelevant. Regardless of their classification, the medical reports and records cannot be obtained without a showing of good cause, which is not revealed by defendant's arguments.

Accordingly, plaintiff's objections are sustained.