George F. PAPEN, Howard W. Papen and John H. Papen, trading as Papen Bros., a partnership, Plaintiffs,

v.

SUBURBAN PROPANE GAS CORPORATION, a corporation of the State of New Jersey, Defendant.

Superior Court of Delaware.

Kent.

April 27, 1967.

Harold C. Schmittinger, Dover, for plaintiffs.

James T. McKinstry, Wilmington, for defendant.

## OPINION

O'HORA, Judge.

Plaintiffs' action here grows out of an explosion and fire on plaintiffs' property.

Plaintiffs contend that defendant, a company which supplied propane gas to the property, was responsible for the installation of the gas system in the building in question and for the turning on of the gas and checking the system, was negligent in a number of possible ways allowing gas to escape and accumulate on the premises. Defendant has interposed a general denial to plaintiffs' allegations of negligence. There are no affirmative defenses asserted.

Plaintiffs have served interrogatories upon defendant to which defendant has interposed objection to certain of them. In connection with defendant's stated objections defendant has filed an affidavit of the Secretary of defendant corporation.

Certain of the interrogatories objected to are here considered together and read as follows:

"15. Describe the chemical composition of the gas furnished for use at the Papen Bros. Labor Camp on the date of explosion."

"16. Was an odorant used in the gas? If so, state:

b. The chemical composition of the odorant; and

c. The ratio between the quantity of the odorant used and the volume of gas odorized;"

"16.* What is the explosive range of the gas in terms of percentage of gas-air mixture?"

"17. What color flame does the gas normally produce when it is burning?"

"18. What color flame or flash would an explosion of the gas produce?"

To answer these interrogatories it is clear from the uncontradicted affidavit of the Secretary that defendant would be required to conduct an analysis of the gas

---

* Plaintiffs' interrogatories are misnumbered, there being two bearing the number "16". Plaintiffs' numbering system will nevertheless be followed here.

used which, in turn, would involve obtaining the results of independent expert research. Ordinarily a party is not required to engage in such activity as an aid to the preparation of an opponent's case. Occasionally an exception to such rule is permitted upon a showing that such information is not available to the seeking party. No such showing has been attempted here. I am of the opinion that proper application of the provisions of Rules 26(b) and 33 would not require answers to such interrogatories in the circumstances here presented. 2A Barron & Holtzoff, § 768, pps. 321–324. Furthermore, the essential question here seeks the opinions of defendant as to the opinions of scientific experts, as yet not employed. These interrogatories, in this sense, go even further than those successfully objected to in Williams v. Morris, 223 A.2d 390 (Super.Ct.1967).

■ The next interrogatory objected to reads, as follows:

"16. (e) Whether passage of gas through earth, wood or concrete might partly filter out the odorant."

The Secretary's affidavit heretofore mentioned points out that the gas in question did not pass through earth, wood or concrete. Nor have plaintiffs contended that defendant's negligence alleged is in any way connected with the use or non-use of earth, wood or concrete as a filtering agent. It is difficult to see how these interrogatories have any bearing upon the subject matter involved in the litigation, and, further would require defendant to engage in independent expert research to obtain answers. Objections to such an interrogatory must be sustained for these further reasons. Moore's Federal Practice (Vol. 4), § 3315, p. 2300.

Plaintiffs in support of the relevancy of such an interrogatory as No. 16(e) has cited Judge Pearson's learned opinion in Blaustein v. Standard Oil Co., 6 Terry 198, 70 A.2d 716 (1949). Judge Pearson in

that case indicated that an interrogatory should not be prohibited unless lack of relevancy is clear beyond a reasonable doubt. It is my opinion that the interrogatory here should also be excluded on the very standard used by Judge Pearson as well as for the other reasons stated.

"20. Do you contend that the explosion and fire resulted from some cause other than escaping gas? If so, state each fact or theory on which you rely to support the contention."

"21. State each fact not enumerated in your preceeding answers to interrogatories on which you rely to support the contention that plaintiff is not entitled to recover against you in this action."

■ Plaintiffs in support of their right to pose the above two interrogatories rely largely upon the holding in Pfeifer v. Johnson Motor Lines, 8 Terry 191, 89 A.2d 154 (1952). The Pfeifer case does stand for the proposition that a party is entitled through interrogatory to seek the basis for the contentions of a party. However, the extent to which that holding is confined was delineated by then Judge Herrmann, author of the Pfeifer opinion, in Dayson v. Great Northern Oil Company, 49 Del. 411, 118 A.2d 361 (Super.Ct.1955), wherein it was held that an opinion or conclusion of a party may be obtained by interrogatory directed to an opponent only when the answers are necessary for a statement of a contention, or would serve to "narrow, clarify or simplify the issues" raised by specific contentions.

■ In the present case, by interrogatories 20 and 21, plaintiffs seek to discover defendant's contentions, and their basis, rather than simply the basis of contentions already made. Defendant in entering a general denial to plaintiffs' assertions of negligence has offered no specific or affirmative contentions at all. Plaintiffs are thus attempting to obtain opinions and conclusions from defendant, otherwise not

permitted, through the guise of directing the form of the questions at defendant's "contentions". As Judge Herrmann indicated in the Dayson opinion the ruling in Pfeifer was "a liberal and advanced concept under the discovery practice" and no compelling reason appears why it should be extended to the point urged here by plaintiffs.

"19. Did an explosion occur at the Papen Bros. Labor Camp on July 2, 1963? If so, state:

   a. The location in which the explosion occurred, and if a diagram is attached to your answers to these interrogatories, indicate the location on this diagram using an appropriately labeled symbol;

   b. The cause of the explosion;"

■ The above interrogatory clearly seeks conclusions and opinions which could be formulated only after extensive investigation. These interrogatories do not seek information relative to whether or not such investigations may have been conducted (which might well lead to factual information properly available to plaintiffs) but simply seeks the conclusions and opinions, if any, arrived at by defendant, and without any real cause demonstrated why such opinion answers should be permitted. In this form the interrogatories are thus objectionable for this reason as well as those already alluded to earlier.

Pursuant to Rule 34, plaintiffs have moved for production of certain documents admittedly in defendant's possession or control. Defendant has objected to this motion to produce as to certain of these documents. The documents in question are a written statement of an employee of the defendant, one Mervin Disharoon, a written statement of a former employee of the defendant, one Clarence Courtney, and a report covering an investigation of the fire in question prepared by William S. Bigelow, Secretary of the defendant corporation. The statements and the report were compiled a short

time following the explosion and fire in question, and some 18 months prior to the institution of the instant litigation. The statements were prepared and the report made on behalf of the defendant and in contemplation of the possibility that one or more suits might be filed against defendant but were made prior to any suit actually being threatened. In fact, the statements and report were compiled before defendant had even retained counsel in connection with possible litigation.

Opposition to production of the documents involved is based upon two grounds; (1) That the requested production would violate the work-product privilege and/or the attorney-client privilege, and (2) that plaintiff has not established "good cause" for the production requested even if the documents are not privileged.

■ The modern trend in discovery matters, particularly since the holding in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), has been to encourage production unless clear privilege is shown. This trend has been followed to a noticeable extent in decisions in this jurisdiction. On the question of privilege, and of particular pertinency, is MacManus v. Food Fair Stores, Inc., 188 A.2d 678 (Del.Super. Ct.1962), in which Judge Wright concluded that documents which had been prepared before the filing of suit and with the intention of placing them with an attorney only if litigation made it necessary were not privileged. The reasoning adopted by Judge Wright in the MacManus case is most persuasive. No sharp distinction existing between the instant facts and those in the MacManus case, it is felt that the decision in that case is controlling and that the documents sought are, therefore, not privileged.

On the question of "good cause" defendant points out that plaintiffs have made no effort to interview or depose Mr. Disharoon, still an employee of defendant, have taken the deposition of Mr. Courtney, no longer an employee of defendant corpora-

tion but still a resident of Kent County and presumably subject to further interrogation or deposition, and have deposed Mr. Bigelow. It is defendant's position that in view of these facts the plaintiffs have done little or nothing to meet the test of "good cause" as laid down in Empire Box Corporation of Stroudsburg v. Illinois Cereal Mills, 8 Terry 283, 90 A.2d 672 (1952).

The Empire Box decision makes it clear that granting of motions to produce documents should not be automatic and that a party seeking such production should show affirmatively that good cause exists for the production. What constitutes "good cause" should be governed by the facts and circumstances of the case and the application of sound judicial discretion. In the present case the type of incident involved, an explosive fire, lends importance to information recounted shortly following the incident to the better establishment of the correct facts. It would seem essential that both parties here have access to records made as close in time as possible to the event itself. Comparable statements and reports were hardly available to plaintiffs, and certainly not with Court assistance, in view of the fact that suit was not filed until 18 months after the explosion and nearly four years have now elapsed since the event itself.

Furthermore, to require additional efforts on the part of the plaintiffs to obtain information which may be contained in documents made by employees of defendant would be unrealistic. While some efforts have been made by plaintiffs in this direction, it does not seem reasonable to require continued and further exploration of this avenue of discovery before production be required. This Court feels that there has been a sufficient showing on the part of plaintiffs for production of the non-privileged documents sought in view of the efforts which have been made, the type of incident involved and the time lag that followed and, finally, that the documents were made by employees of the defendant.

The conclusion that production should be ordered, based upon the circumstances herein set forth, does not contradict the basic concept set forth in the Empire Box decision and, in fact, is strongly supported by the rationale of then Judge Herrmann in Jones v. Westinghouse Electric Supply Co., 11 Terry 274, 128 A.2d 808 (1957) and that of Judge Rodney in Pennsylvania Railroad Company v. Julian, D.C.D.Del. 1950, 10 F.R.D. 452.

For the reasons stated herein it is the decision of this Court that defendant's objections to interrogatories, Nos. 15, 16(b), 16(c), 16(e), 16, 17, 18, 19(a), 19(b), 20 and 21, are sustained and that plaintiffs' motion to produce should be granted.

It is so ordered.