# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANNETTE R. WHITE and KORIE D. )
HENRY, SR., Individually and as )
Personal Representatives of the Estate )
of KORIE D. HENRY, JR., deceased, )
 )
 Plaintiffs, )
 )
 v. ) C.A. No. 09C-01-183 CLS
 )
RIBBONS & BOWS DAYCARE, INC., )
 )
 Defendant. )
 )

## ORDER

On this 12th day of August, 2016, after having heard oral argument on July 12, 2016, and upon further consideration of Defendant Ribbons & Bows Daycare, Inc.'s ("Defendant") Motion to Compel and the State of Delaware's ("State") Response thereto, the Court finds as follows:

Plaintiffs, Annette R. White and Korie D. Henry, Sr., ("Plaintiffs") filed this survival and wrongful death action against Defendant on January 22, 2009, arising out of the death of their child while at Defendant's daycare facility on September 24, 2007. Because the Medical Examiner's Office determined that the manner of death was homicide, the matter was turned over to the Department of Justice. In conjunction therewith, the Wilmington Police Department ("WPD") initiated a criminal investigation, which, at present, is listed as "suspended" by the WPD—but not closed. In December, 2015, the Office of the Attorney General ("AG's

Office") released the Medical Examiner's autopsy report and toxicology results to the Parties, despite express statutory protection of such records.[1]

On May 9, 2016, Defendant filed the instant motion, seeking to compel the AG's Office to produce "any and all records regarding the homicide investigation involving the death of Korie Henry, Jr."[2] Defendant argues that, pursuant to the Court's liberal civil discovery rules, it is entitled to the State's criminal file, because the governmental privilege does not apply where the information being withheld is material and essential to the civil claims and defenses, there is no ongoing investigation and the statute of limitations has run on all but a homicide charge, it will suffer unjust prejudice and great hardship in defending this action, and this action risks proceeding upon a factual and/or legal fiction perhaps created by Plaintiffs.

---

[1] *See* 29 *Del. C.* § 4707(e) ("[T]he next of kin of the deceased shall receive a copy of the postmortem examination report, the autopsy report and the laboratory reports, unless there shall be a criminal prosecution pending in which case no such reports shall be released until the criminal prosecution shall have been finally concluded.").

[2] Defendant specifically requests, *inter alia*, (1) copies of all reports, memorandum, and/or notes prepared in the investigation of the referenced homicide, (2) copies of all written statements, confessions or admissions of any suspect, defendant or any co-defendant, as well as the substance of any oral statements, including testimony before a grand jury, (3) notes, records, and reports of all forensic or scientific tests conducted by the police, medical examiner, FBI, DEA, prosecution, or experts retained for these purposes, including copies of any underlying data used in the tests, (4) copies of notes, records, and reports of any physical or mental examinations of alleged victims by a physician or psychologist, (5) a listing and opportunity to inspect any physical evidence seized from any suspect or defendant or collected by the State in its investigation, (6) copies of all application for, returns from, and affidavits in support of all search warrants, whether executed or unexecuted, (7) copies of all arrest warrants, including supporting affidavits, and information pertaining to any warrantless arrests, and (8) the identity of any and all informants and past or present witnesses.

2

The State argues that Defendant has failed to overcome the well-established common law governmental privilege that safeguards the public's interest in maintaining the confidentiality of criminal investigatory files, because the investigation is ongoing, disclosure of the file would prejudice the investigation and any future prosecution, and the State is not a party. According to the AG's Office, because the child died from an excessive overdose of diphenhydramine, there is criminal liability for his death and, while the case is "unsolved," meaning the actual perpetrator has not yet been confirmed, its investigation is still open pending a murder charge.[3] The State also argues that the scope of Defendant's subpoena is too broad—a "fishing expedition"—and asserts that Defendant ignored its previous intimation that a narrower scope may avoid a resort to the courts.

On a motion to compel the production of documents, the Court, in its discretion, determines whether the discovery sought is reasonably calculated to lead to admissible, non-privileged evidence.[4] "A party asserting a privilege bears the burden of establishing that the requested documents or communications are in fact, and as a matter of law, protected by privilege."[5] The burden then shifts to the

---

[3] *See* 11 *Del. C.* § 205(a) ("A prosecution for murder or any class A felony . . . may be commenced at any time."); 11 *Del. C.* §205(b)(1) ("A prosecution for any [other] felony . . . must be commenced within 5 years after it is committed.").

[4] ; *Commonwealth Land Title Ins. Co. v. Funk*, 2015 WL 3863192, at *2 (Del. Super. June 17, 2015) (citing Super. Ct. Civ. R. 26(b)(1)).

[5] *Id.* (citing *Moyer v. Moyer*, 602 A.2d 68, 72 (Del. 1992)).

moving party, who must affirmatively show that good cause exists for production.[6] As applied to a claim of privilege, the non-privileged party must show that the evidence sought is material to his or her claim or defense and, then, that it cannot be obtained from any other source.[7] Whether good cause exists should be determined by the facts and circumstances, on a case by case basis.[8]

A governmental privilege for material obtained in the furtherance of a criminal investigation—also referred to as the law enforcement or prosecutorial privilege—exists in Delaware at common law.[9] In support of this privilege, Delaware courts point to the public interest in justice and effective criminal prosecutions by the State, which generally depend on the confidentiality of criminal investigations to function effectively.[10] However, this Court has consistently held that, despite the public interest, this governmental privilege is not absolute.[11] Therefore, where a non-privileged party seeking disclosure of a criminal investigatory file shows that his or her interest in acquiring certain parts of

---

[6] *Brady v. Suh*, 2009 WL 6312181, at *2 (Del. Super. July 8, 2009) (citing *Papen v. Suburban Propane Gas Corp.*, 229 A.2d 567, 571 (Del. Super. 1967)).
[7] *Beckett v. Trice*, 1994 WL 319171, at *4 (Del. Super. June 6, 1994).
[8] *Id.*
[9] *Griffin v. Sigma Alpha Mu Fraternity*, 2011 WL 2120064, at *2 (Del. Super. Apr. 26, 2011) (citing *Brady v. Suh*, 2009 WL 6312181, at *3 (Del. Super. July 8, 2009)); *Williams v. Alexander*, 1999 WL 743082, at *1 (Del. Super. June 29, 1999) (citing *Beckett*, 1994 WL 319171; *State v. Brown*, 36 A. 458, 463-64 (Del. 1996)).
[10] *Griffin*, 2011 WL 2120064, at *2; *Williams*, 1999 WL 743082, at *2; *see Brown*, 36 A. at 463-64 ("Such communications [between witnesses and the prosecuting officer] are regarded as secrets of state, or matters the disclosure of which would be prejudicial to the public interests.").
[11] *Williams*, 1999 WL 743082, at *2 (citing *Guy v. Judicial Nominating Comm'n*, 659 A.2d 777, 783 (Del. Super. 1995)).

4

the file outweighs the public interest in protecting the confidentiality of the file, the privilege may be overcome.[12]

In *Williams v. Alexander*, after weighing the competing interests of the State and the parties seeking the State Fire Marshal's investigatory file in conjunction with a fire classified as a possible arson, this Court ordered the disclosure of all material relating to the factual investigation of the fire, but not any information relating to interviews with non-parties, despite the fact that the statute of limitations for arson had not yet expired.[13] In so holding, this Court relied on a another court's examination of the governmental privilege and finding that courts consistently refuse to require disclosure of statements of third party witnesses, but require disclosure of those portions of the files consisting of factual investigations and, at times, conclusions made as to causation.[14]

In *Griffin v. Sigma Alpha Mu*, this Court ordered the City of Newark to disclose the parts of a closed criminal file pertaining to the factual investigation of the death of college freshman during a fraternity initiation, where the criminal charges arising from the police investigation had all been resolved.[15] In making its decision, the Court noted that the investigation was complete, the parties were not actual or potential defendants in the criminal proceeding, and the information

---

[12] *Id.*
[13] *Id.*
[14] *Id.* (quoting *Cooney v. Sun Shipbldg. & Drydock Co.*, 288 F. Supp. 708, 716 (E.D. Pa. 1968)).
[15] 2011 WL 2120064, at *2-3.

sought was factual and not available from other sources due to the witnesses' lapses in memory, which was evident from the Court's review of certain deposition testimony.[16]

At the outset, consideration must be given to the fact that the State is not a party to this litigation. Thus, while the modern approach to discovery under the Court's current civil rules is often described as broad and liberal, Defendant has no *per se* right to the materials it seeks. Such point is bolstered by the fact that Delaware's Freedom of Information Act expressly excludes from "public" files "[i]nvestigatory files compiled for civil or criminal law-enforcement purposes including pending investigative files."[17] It is against this backdrop that the Court will consider Defendant's request.

Where, as here, the criminal investigation remains open and involves possible murder charges for the death of an infant who had been in the care of the Parties to this civil litigation, the Court thinks it improvident under the circumstances to require the AG's Office to open the doors to its criminal file at this juncture, especially where it has already shared with the Parties the Medical Examiner's autopsy report and toxicology results. While the Court's discovery rules may be liberal, Defendant has neither demonstrated that its interests yet outweigh the public's and the State's nor made any showing that it cannot acquire

---

[16] *Id.*
[17] 29 *Del. C.* § 10002(d)(3).

what it is seeking elsewhere in order to justify overcoming the board protection afforded by Delaware's governmental privilege to criminal investigatory files.[18]

Accordingly, for the foregoing reasons and for the time being, Defendant's Motion to Compel is **DENIED.**

    **IT IS SO ORDERED.**

*/s/CALVIN L. SCOTT*
The Honorable Calvin L. Scott, Jr.

cc:    Prothonotary

---

[18] To be sure, Defendant has neither identified what it is that it seeks nor claimed any actual prejudice beyond a theoretical, nay, speculative concern that Plaintiffs will benefit in this action from their inaction in the criminal investigation. Of course, this Court's discovery rules provide Defendant with an arsenal of tools to discover any relevant, non-privileged information in Plaintiffs' possession. *See generally* Super. Ct. Civ. R. 26.